(Decided June 5th, 1862.)

## GEORGE U. GRAFF and AUGUSTIN GAMBRILL, *vs.* MERCHANTS and MINERS TRANSPORTATION COMPANY, Garnishee of BERNARD.

An appeal lies from an order, passed after the lapse of the term, setting aside an execution, and striking out a judgment of *condemnation,* in an attachment case, and directing the case to be brought up by the entry of regular continuances: such a judgment was absolute and final.

Where the writ of attachment was not returned until after the *return* day, and the docket entries of the case, against the garnishee, were made, and judgment of condemnation entered, *as of the return day,* the entry of the judgment was entirely unauthorized and irregular, and justified the order to strike it out.

If such entries were made *after* the *return* of the writ, they constituted, to the extent of the judgment, a *false* record, and if made *before,* the garnishee was not then so in court as to authorize the docketing of the case against him, or entry of the judgment of condemnation.

Graff & Gambrill, *vs.* Merchants & Miners Transp. Co., Garn. of Bernard.

APPEAL from the Superior Court of Baltimore City.

*Attachment* on warrant, issued June 4th, 1857, at suit of the appellants, on a protested draft of L. Bernard for $600, endorsed by the plaintiffs. The writ commands the sheriff to attach the land, goods, credits, &c., of Bernard, *"to the value of $602.18, current money,* and cost of this attachment, according to the form of the Act of Assembly in such case made and provided," with the usual *scire facias* clause. The return, besides "attached as per schedule," states the writ was laid in the hands of several other parties, and, "also *laid in the hands* of the Merchants and Miners Transportation Company on the 5th day of June 1857," by service on its president, in the presence of two witnesses. The case against this company, as garnishee, was docketed, and judgment of condemnation *nisi,* for want of appearance, entered September 14th, 1857, the return day of the writ. This judgment as extended in the record, states that the garnishee makes default, and it is thereupon *"adjudged,"* &c., "that the said garnishee *hath in its hands* goods and credits of the said defendant, *to the value of the sum of money in the writ of attachment aforesaid specified,"* and that the same *"be condemned* in its hands according to the Act of Assembly aforesaid, towards satisfying unto the said plaintiffs, as well the aforesaid sum of $602.18, in the writ of attachment aforesaid specified," as the costs, &c. On this judgment a *fi. fa.* was issued January 12th, 1859, and on the 4th of March following, the garnishee filed its petition asking that this judgment and execution be set aside, an appearance allowed, and the case brought up by regular continuances. The only reason for this action set forth in the petition, which need be stated, is, that the writ of attachment was not returned till November 10th, 1857, and the judgment was of a date prior to the return, and was therefore irregularly entered. On this point, and as to the time when the docket entries were made, as well as others, testimony was taken on both sides, the effect of which is stated in the opinion of this court. The court below (LEE, J.) on the 9th of March 1859, ordered

the judgment and *fi. fa.* to be set aside, and the case brought up by regular continuances, and placed on the trial docket. From this order, the plaintiffs appealed, and before argument in this court, the appellee moved to dismiss the appeal.

The cause was argued before BARTOL, GOLDSBOROUGH, and COCHRAN, J., by *Wm. J. Ward,* for the appellants, and by *Geo. M. Gill* and *J. Mason Campbell,* for the appellee.

The motion to dismiss, was urged upon the ground that the judgment of condemnation *nisi* was not, under the circumstances, a final determination of the cause, and therefore the appeal was prematurely taken, and must be dismissed. 11 *G. & J.,* 405, *Keirle, et al., vs. Shriver.* This case differs from that of *Green vs. Hamilton,* 16 *Md. Rep.,* 317, in this, that the defendant had appeared in that case, and judgment by default, had been entered against him, and subsequently an inquisition had been taken, and final judgment entered upon that inquisition, and the term at which the judgment had been entered had expired, and a motion was then made to strike it out, which the court below sustained, and an appeal was taken and held to be properly taken. In that case the judgment stricken out was final, and entered up in full, whilst in this, the judgment of condemnation *nisi* was entered, but never entered in full, and could not have been so entered until the property attached and delivered to the plaintiffs had been disposed of;—then, and not until then, could a final judgment have been entered for the balance of the plaintiffs' claim.

On the part of the appellants it was insisted, as against the motion, that the judgment of condemnation, though called a judgment *nisi,* because the garnishee has the right to appear *during the term,* and have it stricken out, is improperly so called, and is in fact an *absolute, unconditional* judgment, and, after the lapse of the term, is *final,* and upon it execution may be issued as on any other judgment. *Ev. Pr.,* 99. 17 *Md. Rep.,* 505, *Walters & Harvey vs. Munroe.* Here the term

had passed, and execution was issued on this absolute and un-conditional judgment, and this execution, by the order appeal-ed from, was *quashed*, and the judgment set aside on motion made after the term had elapsed.   The reasoning of the court in *Green vs. Hamilton,* is conclusive of the right to appeal from such an order in such a case;—a *serious injury* would be sustained by the plaintiffs, if deprived of their judgment, and the chance of reaping its fruits, although they may eventually succeed in the cause.

The arguments upon the proof in the case, as to the time when the writ was *returned,* and the docket entries of the judgment were made, need not be stated.

It was also insisted, on the part of the appellee; (and this was the only point argued by *Mr. Campbell,*) that the judg-ment was irregular and entered without authority, because it *assumed assets of the defendant* to the amount of the plaintiffs' claim, *to be in the hands of the garnishee.*   No power existed in the court, to make that assumption *without proof;* the only contingency in which, under our attachment laws, such a pow-er is exercisable, is where the garnishee is in contempt for not answering interrogatories, (Act of 1795, ch. 56, sec. 5,) and *expressio unius est exclusio alterius.*   To recover against a garnishee, assets must be shown affirmatively to be in his hands.   *Act of* 1715, *ch.* 40, *sec.* 4   *Drake on Attach., sec.* 461.   When a party sued is in default, the course is to take a judgment by default, if there is any thing in the case *asserting his liability,* but not otherwise, and then to assess the damages by an inquisition.   *Ev. Pr.,* 335.   7 *Viner's Abr.,* 461, *De-fault, pl.,* 3.   3 *Bl. Comm.,* 274. *Fitzherbert,* 330, 390.   In this case there was *no averment* any where of any kind, in the record, that the garnishee owed the defendant any thing, or had any assets of the defendant in its hands.   At the time of the publication of the original edition of *Harris' Entries,* the sheriff returned, "that he had attached *property of the defend-ant* to amount of the plaintiffs' debt in the garnishee's hands," and upon such a return only, did condemnation go where

Graff & Gambrill, *vs.* Merchants & Miners Transp. Co., Garn. of Bernard.

there was no appearance for the garnishee. 2 *Harr. Ent.*, 79, 80, 164, 215, 216. This form of return, asserting property of the defendant to be in the garnishee's hands, still prevails, it is believed, in the *counties*, and it is only in the city of Baltimore that the practice has prevailed, of making the returns in the form used in this case. In England, under the custom of London, from which our attachment laws are derived, the plaintiff in order to get a judgment of condemnation against a garnishee, who does not appear, makes an *express averment* of assets in his hands. *Locke on Foreign Attach.*, 80, 84. 3 *H. & McH.*, 544, *Campbell vs. Morris.* The practice thus prevailing in the city of Baltimore, of returning attachments, simply, "laid in the hands" of the garnishee, without any *averment* that there is any property or credits of the defendant in his hands, and then on his failure to appear taking judgment of condemnation for the whole amount of the plaintiff's claim, without any proof that the garnishee owed the defendant a single cent, or held a cent's worth of his property, with no inquiry or inquisition by a jury, is totally unwarranted by any provision of our attachment laws, and wholly unauthorized by the common law.

In reply to this it was argued on the part of the appellee, that the judgment assumes assets of the defendant to be in the hands of the garnishee, because the *law* assume such to be the case upon the *non-appearance* of the garnishee. The Acts of 1715, ch. 40, and 1795, ch. 56, fully authorizes such a judgment to be entered. They require a clause of *scire facias* to be inserted in the attachment, requiring the sheriff *to make known* to the garnishee, *if to him it shall seem meet*, to appear on the return day and show cause why the goods and credits so attached in his hands, should not be *condemned.* They confer on garnishees certain rights, give them full opportunity to appear and defend; require them to answer interrogatories if any are filed, but do not require such interrogatories to be filed unless the garnishee *appears.* 17 *Md. Rep.*, 196, *Boyd's Case.* From the moment of service

of attachment, of its being laid in his hands, and witnesses to such act being called, he is solemly warned, if he have no funds or be not indebted, that he can appear and say so; he may or may not appear, and if he does not, the law which he is presumed to know, clearly indicates to him the consequences, viz: that there shall be condemnation, legal affirmation by necessary legal inference, that he has goods or is indebted as claimed, and that therefore, execution shall issue against him personally, or against his goods or otherwise, and compel him to account for the same. His course is clearly marked out by the law, which authorizes the attachment process, and he will appear or not at *his own peril.* It is not necessary under the provisions of these or any other laws of this State, or in accordance with any rule of the court below, or with the practice as long established in that court and its predecessor, or in any court in this State, to show by proof, assets in the hands of a garnishee, in order to recover against him where he fails to appear and plead. There is but one instance in which the law ever imposed it upon the plaintiff to allege and thereby give *prima facie* evidence, that there is property, or are funds or credits of the defendant in the hands of the garnishee, and that was, where the plaintiff, for additional security, *desired to hold the garnishee to bail;* in such a case the plaintiff was required to make oath to that effect, by the Act of 1795, ch. 56, sec. 6.

Cochran, J., delivered the opinion of this court.

This appeal was taken from an order setting aside a *fieri facias,* and striking out a judgment obtained by the appellants in a case of attachment against L. Bernard.

From an inspection of the docket entries contained in the record, it appears that the case against the appellee, as garnishee, was docketed, and judgment of condemnation *nisi* entered on the 14th of September 1857, the return day of the writ; that the *fieri facias* was issued on the judgment so entered, on the 12th of January 1859; that the petition of the appellee

47    v.18

to strike out the judgment, was filed on the 4th, and the order of the court, striking out, passed on the 9th of March 1859. The appellee filed its petition for striking out the judgment, because of certain irregularities in the mode of obtaining it. Before the argument, a motion was filed by the appellee to dismiss the appeal, on the ground, that the judgment was not so far final upon the claim in controversy, as to authorize an appeal from the order to strike it out. A determination of the character of the judgment, as to its regularity and conclusiveness, will therefore dispose of the questions presented by the record, and involved in the motion to dismiss.

In considering the motion to dismiss, we cannot look beyond the judgment itself. If it be found to ascertain and fix upon the appellee an adjudicated liability, and to conclude it of all right of defence, it would be unreasonable not to hold it so far final and conclusive on the claim, or right, in controversy, as to authorize an appeal on the part of one who loses the benefit of such a judgment, by an order striking it out.

Upon an inspection of the judgment as presented in the record, we do not think it open to question in this respect. It ascertains the amount of goods, chattels and credits, in the hands of the appellee, as garnishee, and condemns the same towards satisfying the appellant's claim, in the usual form of an absolute judgment in such cases. It covers the whole of the appellant's claim, and until stricken out, was binding and conclusive upon the appellee. This fact is conceded by the appellee by filing its petition to strike out the judgment, in order that it might be enabled to appear and plead its proper defences, and try the case in due course of law. The lapse of the term at which the judgment was entered, concluded the right of the appellee to appear and plead, and the effort made by petition to strike out the judgment for irregularity, justifies the conclusion that it was otherwise final. The rule deduced from an examination of the cases involving this question, recognized in the case of *Green vs. Hamilton*, 16 *Md. Rep.*, 327, we think clearly establishes the right of appeal claimed in this

case. Upon a motion to dismiss the appeal, taken in that case from an order similar to the one under consideration, it was held, that the limitation against appeals, except in cases where the decisions of the courts below are so far final as to settle and conclude the rights involved in them, must be understood as applicable to cases where the judgment appealed from is entered while the cause is *in fieri*, and not as embracing those where a plaintiff has obtained a final judgment and the term has passed. In the case of *Walters & Harvey vs. Munroe*, 17 *Md. Rep.*, 505, this court said, that a judgment of condemnation *nisi*, entered on the call of the case, becomes absolute by the failure of the defendant to appear and defend during the term. That the judgment in this case was final, we think cannot be disputed. The appellee, by the petition to strike it out, took the most convenient, if not the only mode by which to bar its effect as such. Had the court refused to strike out the judgment, the appellee would have had the right to an appeal, and there seems to be no substantial reason why the appellants should not have the same right upon the order passed. In our opinion the appellants are entitled to a review of the action of the court below, and we therefore overrule the motion to dismiss.

The evidence contained in the record, upon which the question as to the regularity of the judgment must be determined, although not entirely harmonious, we think was sufficient to justify the order to strike it out. In our opinion it establishes the fact, that the writ of attachment was not returned by the sheriff until the 10th of November 1857, nearly two months after the return day, when the case against the appellee appears by the docket entries to have been docketed, and the judgment of condemnation entered. Whether these entries were made before or after the return of the writ, is immaterial. If they were made after the return, they constituted, to the extent of the judgment, a false record, and if before, the appellee was not then so in court as to authorize the docketing of the case, or entry of the judgment. In either aspect, whether

considered as involving the verity of the record, or the rights of the appellee, the entry of the judgment was entirely unauthorized and irregular. The question, whether the failure to ascertain the amount of the appellee's liability by an inquisition in a subsequent stage of the case, was an irregularity for which the judgment should have been stricken out, cannot affect the disposition of this appeal, and we therefore express no opinion upon it.

Under the circumstances, the order · to strike out the judgment must be affirmed and the case remanded, so that it may be brought up by regular continuances, and prosecuted according to the usual course.

*Judgment affirmed, and*
*procedendo awarded.*

(Decided June 6th, 1862.)