(Decided March 31st, 1863.)

---

CHARLES R. HOWARD, AND ELIZABETH, HIS WIFE, AND OTHERS, *vs.* ANDREW G. WATERS, AND OTHERS.

The exercise of a discretionary power by an inferior Court, in the appointment of a trustee, will not be reviewed and reversed on appeal, at the instance of the *cestui que trusts*, because accompanied with the assignment of an erroneous reason for its action.

APPEAL from the Equity Side of the Superior Court of Baltimore city.

This appeal is taken from an order of the Superior Court of Baltimore city, sitting in Equity, dated the 4th of August 1858, appointing Andrew G. Waters trustee of the estate of Charles Waters, deceased, in the place of Freeborn G. Waters, deceased, who was the trustee appointed by the last will of the said Charles Waters.

The testator had devised to Freeborn G. Waters, his heirs, executors and administrators, the entire residue of his estate, in trust (under existing circumstances) as to

67     v.19

one-half part thereof, to pay the rents and profits thereof to his grand-daughter, Elizabeth Howard, for life, and after her death, the principal to be divided amongst her children; and as to the other one-half part thereof, to pay the rents and profits thereof to his grand-daughter, Rebecca White, for life, and after her death, the principal to be divided amongst her children.

He further provided, that if at any time the said Freeborn G. Waters, his heirs, executors or administrators, shall be unwilling to act, or continue to act in the trust, the Court of Equity having proper jurisdiction over the subject, shall appoint some other person as trustee, who, in its opinion, is an honest and fair man, and competent to the duties of the trust. And that the said Court, so far as is practicable, shall adopt and abide by the recommendation of the said Freeborn G. Waters, as to his successor in the trust.

Freeborn G. Waters acted as trustee until his death, in the year 1858. By his will, he refers to the power of nominating his successor, which was given by the last will of Charles Waters, deceased; he declares that his son, Andrew G. Waters, is familiar with the condition of the said trust estate, and has been associated with him in the management of the same, and he therefore gives and bequeaths unto his said son all the estate of the said Charles Waters, deceased, "so far as I may lawfully devise and bequeath the same, and not otherwise, for the same uses," &c., &c. "And in case it shall be deemed necessary to vest the said trust estate in him by appointment of a Court of Equity, I do hereby recommend the said Andrew G. Waters as my successor in the said trust," &c., &c.

The executors of the said Freeborn G. Waters filed their petition, offering to account for the said trust in the hands of their testator, and recommending the said Andrew G. Waters as his successor. On the other hand, Howard and

wife, and White and wife, by their petition, objected to the' appointment of Andrew G. Waters, as one not personally agreeable to them, and not, in their opinion, most advantageous for the proper administration of the trust, and urged the appointment of Thomas Donaldson as trustee.

At this time Rebecca Waters, the widow of the deceased, and who, as widow, had interests in the estate, was living; and Elizabeth Howard and Rebecca White had families of very young children.

The Court, (LEE, J.,) in its opinion, declares that "the fitness and trustworthiness of the gentlemen nominated, cannot be doubted," and therefore, in deference to the will of the testator, Charles Waters, and the recommendation of Freeborn G. Waters, passed an order appointing Andrew G. Waters as trustee, in place of the said Freeborn. From this order the *cestui que trusts* appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*S. Teakle Wallis* and *O. Miller*, for the appellants:

The *cestui que trusts* insist that their appeal should be sustained, and the decree reversed.

1st. Because the wishes of the parties in interest, in the selection of the trustee, have been totally disregarded by the Court, which considered itself bound and controlled by the will of the first trustee, in the selection of his successor in the trust, and therefore appointed the appellee, exercising the discretion only of deciding that he was a fit and proper person, and qualified to execute the trust. This conclusion was arrived at, as is apparent, from the opinion of the Judge below, and upon the face of the decree itself, by the construction the Court gave to the original will of Charles Waters, creating the trust. The decree, therefore, being the result purely of a legal conclusion to which the

Court arrived, by the construction of the will, and not the exercise of a sound discretion on the part of the Court, after due consideration of the wishes and recommendations of the parties interested, is a proper subject of appeal and review in this Court. 2 *Md. Ch. Dec.*, 429, *Thornburg vs. Macauley.* 4 *Md. Ch. Dec.*, 228, *McKim vs. Handy.* 2 *Md. Rep.*, 284, *Scott vs. State, use of Ducker. Hill on Trustees*, 316, 277, 278, 279, 736. 8 *Hare*, 101, *O'Reiley vs. Alderson.* 7 *Hare*, 428, *Marshall vs. Sladden. Union Bank of Md. vs. Ridgely*, 1 *H. & G.*, 407. *McPherson vs. Israel*, 5 *G. & J.*, 60, 64.

2nd. Because no power was given, by the will of Charles Waters, to transmit the trusteeship in the family of the first trustee, or to dispose of the trusteeship by testamentary appointment. The will simply contemplated and provided for the contingency, that the trustee, Freeborn G. Waters, in his lifetime, should be unwilling to continue the trust after accepting it, and provides that in such a case, after settling up his accounts, he should apply to the Court to appoint a successor in the trust, and requests the Court to adopt and abide by the recommendation of a party as his successor, so made, and only so made, by the first trustee. *Hill on Trustees*, 736. *Hawkins vs. Kemp*, 3 *East.*, 438, 440. *Sug. on Powers*, 15 *Law Lib., t. p.* 144, 147.

3rd. If the two preceding positions shall be sustained, it will follow that the decree must be reversed, and the case sent back, so that the wishes of the parties in interest may be duly considered by the Court in the selection of the trustee, and the discretion of the Court duly exercised in his appointment.

*Thos. S. Alexander*, for the appellee:

1st. By the general rule of law, as well as by the terms of the testator's last will, the Court below had a discretion

over the subject, and its selection of a trustee is not to be reviewed in this Court. The general rule, that an act of the inferior Court, done in the exercise of a discretionary power, is not a proper subject for appeal, is settled by many cases. It will be sufficient to refer to 2 *Gill*, 241, *Compton vs. Compton*, where it was held, that the appointment of a guardian to an infant, by the Orphans' Court, was conclusive. In 1 *H. & G.*, 160, *Chase vs. Glenn*, this Court refused to entertain an appeal from an order dismissing a petition which asked for the removal of a trustee of an insolvent debtor. As illustrative of the nature and extent of the authority exercised by the Court in the selection of a trustee, see 4 *Md. Ch. Dec.*, 228, *McKim vs. Handy;* 2 *Daniel's Ch. Pr.*, 1446; *Simmons vs. Tongue*, 3 *Bl.*, 341; *Gibson's case*, 1 *Bl.*, 141; *Ellicott vs. Ellicott*, *Md. Ch. Dec.*, not reported.

2nd. The fitness of the person nominated by the original trustee, being conceded, the Court below rightly exercised its discretion in selecting as trustee the person so nominated. The tenants for life were not nor are they at this time, the only persons interested in the fund. The *corpus* of the fund is given to infants, who are the peculiar objects of protection, and even as it regards the life-tenants, the interposition of a trustee for their protection, admonishes the Court of the necessity of caution in listening to their recommendations in regard to the management of the fund.

CochRAN, J., delivered the opinion of this Court:

This appeal was taken from a decree by which the appellee was appointed to succeed Freeborn G. Waters, deceased, in the administration of a trust created by the will of Charles Waters.

It appears that this testator, after devising a large estate to Freeborn G. Waters, upon certain trusts, further pro-

vided by his will, in case the trustee should be unwilling to continue in the trust, and should settle his trust account, that any Court having proper jurisdiction, should, upon his application, release and discharge him therefrom, and appoint some other honest, fair and competent person to take charge of the trust estate and administer the trust, and that the Court should, in making such appointment, adopt, as far as practicable, the recommendation of the trustee as to his successor. Shortly after the decease of the testator, the trust was brought within the jurisdiction and control of the Court below, by certain proceedings taken for its management and settlement. Freeborn G. Waters accepted the trust, and continued to act as trustee until about the middle of July 1858, when he deceased, leaving a will containing a clause recommending the appellee as a proper person for appointment as his successor in the trust.

The Court, entertaining the opinion that the clause contained in the will of Charles Waters, vested in Freeborn G. Waters a power to appoint or recommend his successor, and that the clause contained in the will of the latter, recommending the appellee, was a valid execution of that power, and being satisfied of the competency and qualifications of the appellee, passed the decree appointing him trustee, and directing the trust estate to be delivered into his hands.

It was conceded, on both sides, that the appointment of the trustee was a matter resting in the discretion of the Court, and the material question to be considered, is whether the decree by which the appointment was made, is open to review on this appeal? The appellant contended that the appointment should have been made by the Court, in the exercise of its sound discretion, free from and uncontrolled by its conclusion from the construction of the two wills, and that the decree, showing on its face that the

appointment was constrained by what the Court erroneously held to be the true construction of those wills, ought for that reason to be reviewed. We do not concur in that view of the case. The fact that the appointment was a matter resting in the discretion of the Court, was necessarily assumed as the foundation of the argument against the validity of the appointment made; but in our opinion, it is conclusive on the question as to the right to a review by appeal. The admission, that the appointment was within the discretionary power of the Court below, in effect operates to deprive the appellant of the right to a review in this Court. We do not understand from the general current of the authorities cited, or from the system of practice in this State, that the Court, in such a case, is obliged to exclude its legal inferences in exercising a discretionary power, or that the assignment of an erroneous inference or reason for what it may thus determine, gives any one affected by the Court's determination, a right to have it reviewed on appeal. A revision of the erroneous reason, would not lead to a reversal of the discretionary act, for in legal contemplation, the act derives its final and effective character from the power by which it was done, and not from the reasons assigned. In this case, it is not pretended that the appellee is in any respect unfit or incompetent to administer the trust reposed in him, and besides, the decree shows that the sound discretion of the Court was exercised in determining that he was "a fit and proper person, and qualified to execute the trust" to which he was appointed.

*Appeal dismissed.*

(Decided April 2nd, 1863.)