**465** *A. H. HORNER v. SAMUEL W. O'LAUGHLIN
and Philip H. Maulsby.

*Decided December 4th, 1868.*

COURT OF APPEALS ; JURISDICTION AND PRACTICE ; MATTERS RE-
VIEWABLE. NON-RESIDENTS ; JURISDICTION OF COURTS ; SERVICE OF
SUMMONS ; WAIVER ; ENTRY OF APPEARANCE ; MOTION TO STRIKE
OUT ; *non pros.* · JUDGMENT BY DEFAULT ; ASSESSMENT OF DAMAGES.
PRACTICE IN BALTIMORE CITY. RULES OF COURT ; PRESUMPTION IN
FAVOR OF.

· Upon an appeal from the judgment of a court of record, proceeding
according to the course of the Common Law, the Court of Appeals
cannot reverse the judgment, unless it affirmatively appears on the
face of the record that the court had no jurisdiction over the cause or
the parties, or that the judgment was such as the law does not authorize
to be pronounced upon the verdict. (*a*)                p. 470

Any error or irregularity in the proceeding which does not reach to
the jurisdiction of the court, or affect, in the sense above indicated, the
legal validity of the judgment, cannot be reviewed either upon appeal
or writ of error. (*b*)                p. 470

Where the summons has been served upon the defendant, he is *prima
facie* within the jurisdiction of the court from which the summons
issued. If he design to avail himself of the defense that he was not
a resident of the county or city in which he was summoned, he should
upon the return of the writ move for a *non pros*, or present the objec-
tion in some other mode than by the mere filing of the affidavit of a
third party, as to his non-residence.                p. 470

Where a plaintiff's motion that an affidavit be stricken out, "under the
rule" of the court below, was granted, the Court of Appeals must as-
sume, in the absence of the rule on the subject, that the court acted in
conformity to its rules, in that respect lawfully adopted. (*c*)
                pp. 470-471

By the Code of Pub. Gen. Laws, where a defendant is returned

---

· (*a*) And whether an appeal lies, is exclusively the right and prov-
ince of the Court of Appeals; see *Wylie v. Johnston, ante,* p. 298; see
also *In re Coston,* 23 Md. 271.

(*b*) See *Greff v. Fickey,* 30 Md. 80; *Gittings v. State,* 33 Md. 463.

(*c*) See *Cherry v. Baker,* 17 Md. 74-75; see also *Stockbridge v.
Fahnestock,* decided by the Court of Appeals, January 5, 1898.

"summoned" and fails to appear, it is made the duty of the court, on the second day of the term to which the summons is returnable, to enter his appearance, and the action shall proceed in *the same man- **466** ner as if the party had appeared in person; and this provision is extended to the Court of Common Pleas and to the Superior Court of Baltimore City, by virtue of Art. 29, secs. 50 and 54, of the Code (1860); and it is made the duty of the court in such cases to enter the appearance of the defendant, and in the silence of the record on the subject, and in the absence of all proof to the contrary, the appellate court must intend the appearance was entered before the "rule plea" was laid and the judgment by default entered. (*d*)                                      p. 471

The terms in the entry of a judgment by default—that the "defendant being called comes not," etc.—merely imports a failure of the defendant to come and answer the declaration, and not that he never appeared to the suit.                                                                   pp. 471-472

The declaration contained the common counts applicable to a claim upon open account, as well as a count for unliquidated damages. The record showed that after judgment by default against the defendant, the judgment was extended for an amount of damages assessed by the court, without stating upon what evidence such damages were assessed. *Held:*

That inasmuch as the judge, under the Act of 1864, ch. 175, has power to assess damages upon satisfactory proof of the correctness of the account, where the suit is to recover a debt due upon open account, the appellate court, in the absence of all proof to the contrary, will assume that the court below in assessing damages proceeded under the common counts, and not under the special count in the declaration. (*e*)
                                                                         p. 472

Appeal from the Court of Common Pleas.

This was an action brought by the appellees against the appellant, to recover money due by the latter to the former. The *nar.* contained the usual money counts, and a special count for unliquidated damages, for the non-delivery of hay purchased by the appellees from the appellant.

The suit was brought on the 5th of May, 1865, and the writ made returnable on the second Monday of May, 1865; at which time, being the regular return day, the appellant was returned " summoned." On the 10th day of May, 1865, the appellant filed with the clerk of the court, an affidavit made by

---

(*d*) See the Code of Pub. Gen. Laws, Art. 75, sec. 130. As to the powers and jurisdiction of the Superior Court and Court of Common Pleas of Baltimore City, see the Constitution of 1867, Art. 4, sec. 28, etc.

(*e*) See Code of Pub. Gen. Laws, Art. 75, sec. 86.

John W. Horner, that the appellant was a citizen of Carroll County, in the State of Maryland. A motion was then made at the September term, on behalf of the appellees, to strike out **467** the said affidavit of non-residence, *which was granted, and the cause continued to the January Term, 1866, when it stood for trial. No appearance having been entered by the appellant nor plea filed, judgment by default was entered against him, and on the 14th of April, 1866, on motion of the appellees, the court extended the judgment by default.

On the 1st of August, 1867, the appellant prayed an appeal from this judgment, without making any motion or assigning any errors in the proceedings.

The cause was argued before Bartol, C. J., Nelson, Stewart and Miller, JJ.

*Wm. Shepard Bryan,* for the appellant:

It was error on the part of the court to lay a rule to plead, and enter a judgment by default where there was no appearance for the defendant. He was not in court for any purpose until an appearance had been entered. Stephen on Pleading, *22* and page *22* of the Appendix; 1 Chitty on Pleading, 411; *Martin v. Mahony,* 16 E. C. L. 243; *Cook v. Raven,* 1 Term. 635; *Roberts v. Speer,* 3 Dowling's Pr. Cases, 551.

The record shows that the court did not comply with the requirements of the Act of 1864, ch. 175. That statute requires a jury to assess damages in all cases of judgment by default, except where the action is on promissory note, bill, bond, or open account. The action here was for unliquidated damages. And even in actions on open accounts the statute requires legal and satisfactory proof of the correctness and amount of the claim. Here, so far as the record informs us, there was no evidence of any kind offered. An interlocutory judgment signed when there is no appearance, is a nullity. 3 Dowling's Pr. Cases, 551.

A bill of exceptions is not necessary where the action of the court appears on the record. Nor is it necessary when the court acts without jurisdiction. *State v. Mace,* 5 Md. **468** *337; Brown & Brune's Digest, Art. Attachment, sec. 3, ps. 5.

*J. D. Lipscomb,* for the appellees :

There is no question of law properly before this court, which can be adjudicated by it.  Where no question with regard to the pleading was presented to the court below, no such question can be presented to this court.  *Owings v. Jones,* 9 Md. 108; *Keech v. Balto. & Wash. R. R. Co.* 17 Md. 32; Code of Pub. Gen. Laws, Art. 5, sec. 12.

The appeal, if any be, must be on account either of irregularities in the proceedings, or in the order of the court extending the judgment.  This court cannot take cognizance of any irregularities in the proceedings, because no point of that kind was made in the court below, and consequently no decision made thereon.  The proper plan for the appellant would have been to make a motion either for a new trial, in arrest, or to strike out the judgment, because in no other way could the subject matter have been brought to the attention of the court below, and its decision had thereon.  *Schleigh v. Hagerstown Bank,* 4 Gill, 306; *Sasscer v. Walker,* 5 G. & J. 102; *Morgan v. Briscoe,* 4 Md. 271; *Graham v. Harris,* 5 G. & J. 489.

An appeal will not lie from the order of the court extending the judgment, because the order involves only a question of fact, the court taking the place of the jury, to ascertain how much was due from the defendant to the plaintiffs.  *Hallowell v. Miller,* 17 Md. 305.

The judgment by default having been taken at the proper time, " it was as binding as any other as far as respects the power and jurisdiction of the court, in declaring that the plaintiff is entitled to recover," and therefore the court was bound to extend the judgment.  *Green v. Hamilton,* 16 Md. 817; *Mailhouse v. Inloes,* 18 Md. 328.

A judgment by default, by the lapse of the term at which it was entered, without motion or other proceedings had there-*on becomes final and absolute; and from an order strik-  **469** ing out such judgment, an appeal will lie.  *Henderson v. Gibson,* 19 Md. 234; *Graff v. M. & M. Trans. Co.* 18 Md. 364.

And although the court may have erred in extending the judgment without the intervention of a jury, yet this court cannot reverse said order of extension, because the point is not properly raised.  *Sasscer v. Walker,* 5 G. & J. 102.

Admitting the defendant (the appellant,) had properly

raised his points of defense, he has no just cause of defense in this cause. Suit was brought to the May Term, 1865, the regular return day of which was the second Monday of May, the eighth of the month. The defendant was regularly summoned, and filed the affidavit of non-residence on the tenth, Wednesday, two days after the return of the writ. This was too late— the affidavit should have been filed on the return day of the writ. Evans' Pr. 87, 88; *Hoffman v. Prout,* 4 H. & McH. 165; *Moreland v. Bowling,* 3 Gill, 500. The rules of the court also require that the affidavit should be made at the return of the writ; and " in the absence of proof the presumption is that the proceedings had in the court below were in conformity with its own rules.'' *Matthews v. Dare,* 20 Md. 248; *Wash. & Balto. Turnpike Co. v. State,* 19 Md. 239; *Hughes v. Jackson,* 12 Md. 450; *Morrison v. Welty,* 18 Md. 169.

Even if the affidavit had been sufficient and filed at the proper time, it was an act without effect, because it was not supported by a motion for a *non pros.*

Miller, J., delivered the opinion of the court.

This appeal is from a judgment of the Court of Common Pleas extending a previous judgment by default for want of a plea. There was no motion in arrest or to strike out the judgment for fraud or irregularity, nor was there any exception taken certifying to this court the facts upon which the **470** *court below acted. The suit was not instituted under the provisions of the 5th, 6th, 7th and 8th sections of the Act of 1864, ch. 6, but in common form invoking the exercise of the ordinary powers of the court in the usual course of its procedure. Upon appeal from the judgment of a court of record proceeding according to the course of the common law, this court cannot reverse the judgment unless it affirmatively appears on the face of the record the court had no jurisdiction over the cause or the parties, or that the judgment was such as the law does not authorize to be pronounced upon the verdict, as was the case in *Watkins v. State,* 14 Md. 424. Any error or irregularity in the proceedings which does not reach the jurisdiction of the court, or affect, in the sense indicated, the legal validity of the judgment, cannot be reviewed by this

court either upon appeal or writ of error, because the appellate court in this State is, and has long been, expressly inhibited by law from deciding any point or question which does not appear by the record to have been tried and decided by the court below. Act of 1825, ch. 117; Code, Art. 5, sec. 12; and Act of 1861-2, ch. 154. Such has been the uniform construction of this law, the only exceptions to the rule being demurrers and motions in arrest of judgment. We refer to *Morgan v. Briscoe,* 4 Md. 272; *Bridendolph v. Zellers,* 5 Md. 58; and *Hallowell v. Miller,* 17 Md. 305, as illustrating the series of decisions upon this subject.

The summons was served upon the defendant by the Sheriff of Baltimore City, and he was therefore *prima facie* within the jurisdiction of the Court of Common Pleas. If he designed to avail himself of the defense that he was a resident of Carroll County and not of Baltimore City, he should, upon the return of the writ, have moved for a *non pros,* or presented the objection in some other mode than by the mere filing of the affidavit of a third party, as to his non-residence. When, therefore, the plaintiff's motion that this affidavit be stricken out "under the rule" of the court, was granted, we must *assume, in the absence of the rule on the subject, that **471** the court acted in conformity to its rules in that respect lawfully adopted.

The chief objection relied on in argument is that it was error on the part of the court to lay a rule to plead, and enter a judgment by default, where there was no appearance for the defendant, and English authorities have been cited to the effect that a judgment for want of a plea, signed without any appearance being entered, is a *nullity.* Whether a judgment so entered in this State, after the party has been returned summoned, could be regarded as a nullity, since the substitution of a summons for the writ of *capias ad respondendum* consequent upon the abolition of imprisonment for debt, is matter of grave doubt, but it is not necessary that the point should be decided in this case, because it does not affirmatively appear upon the face of this record that an appearance had not been entered for the defendant. By the Code, Art. 75, sec. 85, where a defendant is returned summoned and fails to appear, it is made the duty of the court, on the second day of the term to which the

summons is returnable, to enter the appearance of the defendant, and the action shall then proceed as if the party had appeared in person, and we are of opinion this provision, though in terms apparently applicable to the Circuit Courts only, is extended to the Court of Common Pleas and the Superior Court of Baltimore City, by virtue of secs. 50 and 54, Art. 29, of the Code. It is, therefore, made the duty of the court in such cases, to enter the appearance of the defendant, and in the silence of the record on the subject, and in the absence of all proof to the contrary, we must intend the appearance was entered in this case before the rule plea was laid and the judgment by default entered. The maxim " *omnia rite esse acta præsumuntur* " applies, and no intendments can be made on this appeal against the regularity of the proceedings, or the validity of the judgment. The terms in the entry of the judgment by default, that the " defendant being called *comes not,*" &c., **472** *have been relied on as showing affirmatively that no appearance was ever entered in the case; but such is the form in which judgments of *nil dicit,* after appearance, have always been entered in this State. 2 Harr. Ent. 99. In such an entry the phrase "comes not," merely imports a failure of the defendant to come and answer the declaration, and not that he has never appeared to the suit.

The remaining objection that the judgment was extended and the damages assessed by the court without the intervention of a jury of inquisition, is equally unavailing. The declaration contains the common counts applicable to a claim upon *open account,* as well as the count for unliquidated damages for refusal to deliver the hay according to contract, and there is nothing in the record to show what proof was exhibited to the court in support of the plaintiff's action. The Judge has power under the Act of 1864, ch. 175, to assess damages upon satisfactory proof of the correctness of the account where the suit is to recover a debt due upon open account, and in the absence of all proof to the contrary, we must assume the court in assessing damages in this case proceeded under the common counts, and not under the special count in the declaration.

The appropriate remedy of the appellant for all the matters complained of in argument, was by motion to strike out the

judgment for irregularity. Had such motion been made with reasons assigned, and the facts shown by affidavits or otherwise in support of the motion, and presented to this court by means of an exception, the questions argued would have been properly before us for adjudication. But in view of the restrictions placed by law upon the action of this court in such cases, and of the intendments we are bound to make in support of the judgment, it cannot be reversed upon this appeal.

*Judgment affirmed.*

---

*WILLIAM S. RAYNER v. WILLIAM S.    **473**
BRYSON.

*Decided December 7th, 1868.*

PLEDGOR AND PLEDGEE ;  SALE OF PLEDGE ;  BILL FOR ACCOUNTING ;
INTEREST ;  COSTS.

A. loaned B. a thousand dollars, and took from him, as security for the payment thereof, certain shares of stock. Upon failure by B. to pay the amount loaned, when the same became due, and after demand made therefor, A. sold the stock, which had been pledged for its payment, through a broker, at the stock board of the City of Baltimore, and became himself the purchaser thereof. B. was promptly informed, and presented with an account of the sale, the proceeds of which were not sufficient to pay the amount of the loan. B. subsequently, on the 24th of December, 1863, filed a bill in equity, praying to be allowed to redeem the stock, and to have an account of the dividends received thereon. The matter was referred to the auditor, who stated an account which showed that the loan, principal and interest, was paid on the 20th of December, 1862, by dividends then received, leaving a small balance due B. From that date, dividends were received, from time to time, up to the period of filing the bill, and on each of such dividends, A. was charged with interest from the date of its receipt. *Held:*

That this mode of charging interest was erroneous; that A. should be charged with interest on the aggregate amount of dividends received, when the bill was filed, from that date to the time of stating the account, and on each dividend subsequently received from the date of its receipt.                                                    p. 479

Upon a bill to redeem certain shares of stock pledged to secure a