JOHN P. GREFF, ERNST GREFF, and others, *vs.* FREDERICK FICKEY, SR., FREDERICK FICKEY, JR., and others. SAME *vs.* SAME.

*Practice—When an Appeal lies—Act of* 1864, *ch.* 6.

It is the duty of a Court when satisfied either from its own knowledge of what actually occurred in a cause, or from evidence adduced, that the docket entries as made by the clerk are erroneous or incomplete, to have them corrected; so that a full, true and perfect transcript of the whole proceedings as they actually occurred in the progress of the cause, may be sent to the Appellate Court in obedience to the writ of diminution; but the Court in which the proceedings were had can alone decide as to the correctness of its own records, and its decision thereon is final and cannot be reviewed in the Appellate Court.

In an action of assumpsit, a judgment by default for want of an affidavit to the pleas, as required by the seventh section of the Act of 1864, ch. 6, was entered at June rule day, 1866, of the Court of Common Pleas, and on the same day damages were assessed by the Court and the judgment extended. On this judgment, execution subsequently issued. At May Term, 1867, the Court passed an order suspending the execution; from this order the plaintiffs appealed. HELD that the appeal lies.

The Act of 1864, ch. 6, which requires a plaintiff at the time of bringing his action, to file with the declaration an affidavit, stating the true amount that the defendant is indebted to him, with the vouchers of his claim, does not require that a copy of such affidavit should be served on the defendant.

APPEALS from the Court of Common Pleas.

The cause was argued before BARTOL, C. J., NELSON, STEWART and MILLER, J.

*Julian I. Alexander* and *Thales A. Linthicum*, for the appellants:

The pleas of the defendant were properly stricken out as they had not been sworn to. *Act of* 1864, *ch.* 6, *sec.* 7.

The omission of the clerk to enter on the docket that the pleas were stricken out, and judgment by default entered for want of affidavit to the same was a clerical misprision, which the Court had power to rectify and ought to have amended. *Short vs. Coffin, Ex'r,* 5 *Burr.*, 2730; *Mara vs. Quin,* 6 *Term Rep.*, 1; *Smith vs. Fuller,* 2 *Strange,* 786; *Usher vs. Dansey,* 4 *M. & S.,* 94; *Duvall vs. Wells,* 4 *H. & McH.,* 164; *Fisher vs. State,* 1 *H. & J.,* 416; *Kent vs. Lyles,* 7 *G. & J.,* 73; *Bank of the U. S. vs. Lyles,* 10 *G. & J.,* 326; *Byrne vs. McPherson, &c.,* 12 *G. & J.,* 157; *Kiersted vs. Rogers & Garland,* 6 *H. & J.,* 282; *Chapman vs. Davis,* 4 *Gill,* 166; *Smith vs. Morgan,* 8 *Gill,* 138; *Weighorst vs. The State,* 7 *Md.,* 442; *McCoy vs. Boyle,* 10 *Md.,* 392; *Boteler and Belt vs. The State, &c.,* 8 *G. & J.,* 359.

A final judgment having been rendered, the Court had no authority to stay the proceedings, thus virtually setting aside the judgment. *Sherwood vs. Mohler, et al.,* 14 *Md.,* 564; *Henderson & Ross vs. Gibson, &c,,* 19 *Md.,* 234; *Mailhouse vs. Inloes, et al.,* 18 *Md.,* 328; *Graff & Gambrill vs. Merchants and Miners' Trans. Co., &c.,* 18 *Md.,* 364; *Green vs. Hamilton,* 16 *Md.,* 317.

If the judgment is to be taken from the plaintiff it ought to be on equitable terms. *Montgomery vs. Murphy,* 19 *Md.,* 576.

*J. Dean Smith,* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

The first appeal in this record was taken from the order passed by the Court of Common Pleas, on the 22d day of May, 1867, staying the writ of execution, and imposing certain terms upon the parties. The second appeal is from an

order passed on the 22d day of October, 1867, overruling the motion of the appellants to have certain docket entries of proceedings in that Court amended and completed, as suggested in the motion.

The second appeal will be first disposed of. It appears from the record that after the first appeal had been taken and the transcript sent up, a writ of diminution was issued by this Court, on the suggestion of the appellees, for the purpose of having some alleged errors therein corrected. Before the corrected record was sent up under the writ of diminution, the motion to have the docket entries amended and completed was made, and was accompanied with an affidavit of one of the attorneys of the appellants. It was overruled, as appears by the order, because the Court was of opinion "that the term in which said proceedings are alleged to have occurred having passed, and the Court of Appeals, upon the writ of diminution in the cause issued by it, having ordered that the docket entries be returned as they actually stand upon the docket, it would be improper to grant said motion."

We think the learned Judge was in error as to the purport and design of the writ, and his powers and duty in the premises. If satisfied either from his own knowledge of what had actually occurred in the progress of the cause—or from evidence adduced—that the docket entries as made by the clerk were erroneous or incomplete, it was within his power and his plain duty to have them corrected, so that a full, true and perfect transcript of the whole proceedings as they actually occurred in the progress of the cause might be sent up, in obedience to the writ. If we were at liberty on this appeal to consider only the reasons assigned for overruling the motion, we should be compelled to reverse the order of the 22d of October. But the subject matter embraced in the motion is one which rested exclusively in the judgment and sound discretion of the Court below, and its decision thereon is therefore final and cannot be reviewed on appeal. *Howard and Wife, et al. vs. Waters, et al.*, 19 *Md.*, 529, and *Waters vs. Waters*, 26 *Md.*, 53.

The Court of original jurisdiction, in which the proceedings were had, must of necessity decide as to the correctness of its own records; this Court has no power upon an appeal either to review its decision, or to undertake to determine in what respect a record transmitted to us is erroneous, or to correct it; to do so would be to violate one of the plainest maxims of the law, which forbids the verity of a record to be impeached by extrinsic proof.

The appeal from the order passed on the 22d of October, 1867, must be dismissed.

We now proceed to consider the first appeal, taken from the order of the 22d of May, 1867.

The first question presented is whether this Court has jurisdiction to entertain the appeal.

Since the decision of *Munnikuyson vs. Dorsett*, 2 *H. & G.*, 374, affirmed in *Green vs. Hamilton*, 16 *Md.*, 317; *Mailhouse vs. Inloes*, 18 *Md.*, 328, and *Graff & Gambrill vs. The Merchants and Miners' Trans. Co.*, 18 *Md.*, 364, it must be considered as settled that an appeal lies from an order striking out a judgment, passed after the lapse of the term in which it was rendered.

In this case an execution had been issued upon the judgment, which was stayed by the order appealed from. The effect of the order was to deprive the appellants of the benefit of the execution; that a party aggrieved by such an order has the right of appeal is settled by the cases of *Harris vs. Wilmer*, 5 *H. & J.*, 2, (note;) *Hollingsworth vs. Floyd*, 2 *H. & G.*, 87, and *Graff, &c. vs. M. & M. T. Co.*, 18 *Md.*, 364, above cited.

The appeal being properly before us, it remains to examine the reasons assigned in support of the motion to strike out the judgment. These are based upon supposed irregularities appearing on the face of the record, and in considering them, we shall confine ourselves to the record as returned under the writ of diminution.

The suit was instituted by the appellants under the Act of 1864, ch. 6, to the May Term, 1866. No objection is made

to the sufficiency of the declaration, or of the affidavits and vouchers filed therewith; these were in conformity with the eighth section of the Act. The defendants failing to appear on the rule day, a judgment by default was properly entered against them as provided by the fifth section.

The alleged irregularities in the proceedings are supposed to consist:

First. In the omission to send with the copy of the nar. and the summons, a copy of the affidavits filed or some notice thereof.

Second. In the failure or omission to strike out the judgment by default, entered on the 18th of May, upon the appearance of the defendants before the first return day thereafter, as provided by the fifth section.

Third. That no judgment by default for want of sufficient pleas properly verified, was in fact entered or extended; but that the only judgment entered, was the judgment by default for want of an appearance, which was erroneously allowed to stand, and which was the judgment extended by the Court.

These are substantially the objections relied on in the argument, and they will be considered in the order above stated.

1st. The Act of 1864, requires a plaintiff at the time of bringing the action to file with the declaration, an affidavit, with the vouchers of his claim; such filing is notice to the defendants; the act does not require any other notice to be given; the failure, therefore, to send a copy of the affidavits, with the copy of the nar., to be served on the defendants, was no irregularity and presents no sufficient ground for impeaching the judgment.

2d. In the record, as it comes before us, it is not affirmatively stated that the judgment by default for want of appearance, entered on the 18th of May, 1866, was stricken out on the appearance of the defendants being entered. But the legal effect of their appearance to the action, within the time prescribed by the act, was to annul that judgment; such is the force and effect of the fifth section of the Act. The legal

intendment is that the judgment was stricken out; the omission of the record, so to state, is not material, such omission is cured by legal intendment and cannot affect the validity or regularity of the judgment subsequently rendered. See *Horner vs. O'Laughlin & Maulsby*, 29 *Md.*, 465.

3d. Was there a judgment entered for want of sufficient pleas, which was regularly extended by the Court? This depends upon the proper construction of the record. This shows that after the first default had been entered two of the defendants appeared by attorney, and filed three pleas, (two to the merits and a plea of limitations;) these pleas were not verified by oath as required by the seventh section of the Act.

At the next regular rule day, on the second Monday of June, the plaintiffs' attorney moved to strike out the pleas, and for judgment against the defendants.

The record then states: "Whereupon the Court passed and filed in said cause the following order to extend judgment, to wit:

"Greff, &c.   ⎫
   *vs.*    ⎬   In the Court of Common Pleas.
Fickey, &c.   ⎭

"Judgment by default, June rule day, 1866.
"Ordered this eleventh day of June, 1866, that the judgment by default in this cause be extended against Frederick Fickey, Senior, Frederick Fickey, Junior, and Andrew J. Fickey, for nine hundred and thirty-eight dollars and thirty-eight cents, for damages assessed by the Court, with interest from the eleventh day of June, 1866, and costs.

"JOHN C. KING."

"*Memorandum:*—In conformity to the foregoing order, the extension of the judgment mentioned in said order was entered

against the said Frederick Fickey, Senior, and Frederick Fickey, Junior, and Andrew J. Fickey, on the 11th day of June, 1866, for the sum of $938.38, with interest from said 11th day of June, 1866, and costs.

"Test: JAS. D. LOWRY, *Cl'k.*"

We can give no other construction to this part of the record, than that a judgment by default for want of sufficient pleas, was entered on the June rule day, 1866; and that the judgment so entered was on the same day extended by the Court. The plaintiffs were clearly entitled to claim such judgment, they had asked for it by their motion; and it seems to us the plain import and meaning of the entry, "*judgment by default, June rule day,* 1866," is that the judgment was entered on that day. It cannot refer to the judgment by default for want of appearance, which had been entered on the 18th day of May, preceding; and which as we have said had been annulled and set aside by the appearance of the defendants. If there were more ambiguity than actually appears in the record, we should be bound to presume that the action of the Court was in accordance with the law. But it is unnecessary to rely upon presumptions in this case, as it sufficiently appears from the record there was a judgment by default entered on the 11th day of June, 1866, and that the same was regularly extended by the Court.

There being no error or irregularity in the proceedings of the Court below appearing upon the record, it follows that there was no sufficient grounds for the motion to set aside the judgment, and that there was error in passing the order of the 22d of May, 1867, which virtually set aside the judgment, and deprived the appellants of the benefit of their execution regularly issued thereon.

We do not deem it necessary to notice particularly the terms of the order, except to say they appear somewhat anomalous, and it seems to us without precedent in Courts of Law.

Being of opinion there is no sufficient ground for interfering with the judgment and execution in this case, we reverse the order passed on the 22d day of May, 1867, so that the appellants may have the benefit of their writ of execution.

*Order reversed.*

(Decided 20th January, 1869.)