## JAMES K. WATERS *vs.* JOHN M. ENGLE.

*Construction of Art. 18, sec. 14, of the Code P. G. L.—Power of Clerk of Court to enter Judgments Satisfied—Erroneous Entry by Clerk.*

The power conferred upon a Clerk of a Court under Art. 18, sec. 14, of the Code, to enter judgments satisfied, is not a judicial power from which there is no appeal or right of review, but a ministerial duty invested in him *virtute officii,* which he is to discharge, subject to the control of the Court of which he is the officer. The object of the law was to authorize the Clerk to do, in the absence of the Court, what the Court, if present, would as a matter of course order to be done, leaving the power of the Court over such acts unimpaired.

The entry by the Clerk of a Circuit Court of an order from the plaintiff, to "enter the judgment 'satisfied' upon payment of costs by the defendant," before the costs were paid, was *ultra vires* and nugatory.

It is one of the common law powers incident to all Courts of record and essential to their efficient existence, to correct an error of the Clerk in making entries affecting the execution of a judgment.

APPEAL from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BOWIE, BRENT, ALVEY, MILLER and ROBINSON, J.

*Frederick J. Nelson,* for the appellant.

*Noah Bowlus* and *James McSherry,* for the appellee.

BOWIE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Frederick County, striking out the entry "satisfied" from

the record of a judgment of that Court, rendered in favor of the appellee against the appellant.

The record shows that the appellee obtained the judgment against the appellant on the 20th day of February, 1877, for $283.13, with interest and costs, on which he sued out an attachment, by way of execution, on the 21st of February, and laid the same, on same day, in the hands of Mary C. Whitmore, executrix of David and others, as garnishees.

On the 30th day of March, ensuing, an order was filed in the case, in the words following, viz:

JOHN M. ENGLE    } No. 77, Trials, February Term, 1877.
    *vs.*
JAMES K. WATERS. } No. 3, Orig., May Term, 1877.

In the above case, the Clerk will enter the judgment "satisfied," upon payment of costs by the defendant.

                                        JOHN M. ENGLE.

On the 29th of May following, there was filed in the cause an order of the plaintiff to strike out the entry of "satisfied" and enter "satisfied to the extent of $165.00, amount paid plaintiff," etc. And, also, on the same day, the appellee filed his petition in said cause, setting forth the preceding facts and praying that the original order might be withdrawn from the files of the Court, and to strike out the docket entry thereof, alleging, *inter alia*, that said order was obtained through surprise and mistake, and procured by the deceit, imposition and fraud of the defendant; that the amount paid to the petitioner by the defendant was much less than the judgment, and did not constitute satisfaction in law; lastly, that the condition annexed to the order, the payment of costs, was not complied with, and the entry of " satisfied," by the Clerk, was unauthorized.

The motion to strike out the entry "satisfied" coming on to be heard, testimony was taken by both parties, and being argued by counsel, the Court decided that the

Waters *vs.* Engle.

motion be granted and the entry " satisfied " struck out. Whereupon the defendant excepted to said decision and tendered his bill of exceptions, which was signed and sealed by the Court.

The appellant's grounds of appeal are, that:

1st. The order of the 30th of March, 1877, was filed under the Act of 1840, ch. 96, " declaratory of the law authorizing the closing of judgments," codified in Art. 18, sec. 14, of the Code of Public General Laws, and was a satisfaction of the judgment.

2nd. There was no irregularity in the entry of "satisfied."

3rd. There was no surprise, fraud or mistake.

4th. The Court below had no power to control the record after such a lapse of time.

Considering these objections briefly, in their order, it is obvious that the power conferred upon the Clerk is not a judicial power from which there is no appeal or right of review, but a ministerial duty invested in him, *virtute officii,* which he is to discharge subject to the control of the Court of which he is the officer.

Although the Clerk is invested by the Code with the specific power to enter any judgment or decree " satisfied," upon the order in writing of the plaintiff or his attorney, yet he is required to file such order among the papers in the cause, doubtless, to the end that his action may be subject to the supervision or correction of the Court.

It never was designed to invest him with an absolute, irrevocable power, or to deprive the Court of its control over its own officers and its own records.

The object of the law, we apprehend, was to authorize the Clerk to do, in the absence of the Court, what the Court, if present, would as a matter of course order to be done, leaving the power of the Court over such acts unimpaired.

Special powers conferred upon an officer must be strictly construed. It must appear affirmatively they were authorized by the statute or power under which he acts.

In this case it is clear that the authority to enter the case "satisfied" was conditional, and the condition had not been complied with when the entry was made.

More than this, the condition was not performed when the order revoking the power was filed. The Clerk's act was, therefore, *ultra vires* and nugatory.

This is not an application to strike out a judgment, but to correct an error of the Clerk, in making entries affecting the execution of the judgment.

It is clearly one of these common law powers incident to all Courts of record, and essential to their efficient existence.

This Court has repeatedly declared that the power of Courts of record to strike out their judgments was inherent and not derived from statute, and during the term they have absolute control over their entries.

After the term has elapsed, in acting upon applications for relief for such reasons as are mentioned in the Act of 1787, viz., surprise, fraud or mistake, the Court exercises a *quasi* equitable power, according to the facts and circumstances of the case. *Vide Craig vs. Wroth,* 47 *Md.,* 282, 283; *Kemp & Buckey vs. Cook & Ridgely,* 18 *Md.,* 130.

If the entry "satisfied," in this case, had been made by the Clerk under the order of the Court, it would have been subject to the jurisdiction and revisory power of the Court, as all other acts of the Court, upon the principles announced in these cases. Being the act of the Clerk it is equally so, the agent being subject to the law of the principal.

Courts are studiously averse to alter or change the records and minutes of their proceedings after a great lapse of time, yet, in some cases, it has been done after years have intervened.

In *Graff & Gambrill vs. Merch. & Minern' Transp. Co.*, the motion to strike out the judgment was made eighteen months after the judgment was entered, it and was sustained. 18 *Md.*, 364, 371. In *Montgomery vs. Murphy*, about the same time elapsed, and this Court sustained the Court below in striking out. 19 *Md.*, 578. In *Craig vs. Wroth*, 47 *Md.*, 282, nine years elapsed between the entry of judgment and the motion to strike out.

Here there is no evidence of *laches* on the part of the appellee in applying to the Clerk or the Court for the correction of the entry. Technically, another term had commenced, but only about two months and a few days intervened between the original order and the order for revocation, and application to the Court below to rescind it and correct the record. No change in the relations of the parties to each other had occurred in the meantime.

The evidence embodied in the bill of exceptions establishes beyond a reasonable doubt, we think, that the order obtained by the appellant from the appellee to enter the judgment satisfied on payment of costs was procured by misrepresentation of the appellant, and the Court below, we think, was right in directing the entry "satisfied" to be stricken out.

*Order affirmed with
costs to the appellee.*