JACOB BOOR, use of WILLIAM HALL *vs.* JESSE WILSON. JESSE WILSON *vs.* JACOB BOOR, use of WILLIAM HALL.

*Bad plea—Validity of an Award—Benefit of Set-off under the Act of 1876, ch. 398—Liability of the cestui que use of a Judgment—From what an Appeal will not lie.*

Where a plea is no answer to any of the counts in the *narr.*, but seeks to avoid the responsibility of the defendant by setting up matters wholly extrinsic, and outside of the agreement of submission and the award as declared on, it is bad, and the subject of a demurrer.

Where arbitrators are appointed to ascertain the deficiency in value of a tract of land falling short in the number of acres, which the vendor and vendee at the time of its sale and purchase supposed it to contain, the fact that at the time the arbitrators went upon the land to view it, there were no articles of submission before them, and they were only informed by parol what duties had been imposed upon them by the submission, does not render the award invalid.

If it appear affirmatively that the parties under their hand and seal have submitted the matter in dispute to arbitration, and the award of the arbitrators is in strict conformity to the articles of submission, it is of no importance whether the arbitrators were informed only verbally of the contents of the agreement of submission, or whether the paper was actually before them or not in their proceedings to make out their award.

Boor, use of Hall *vs.* Wilson.   Wilson *vs.* Boor, use of Hall.

The Act of 1876, ch. 398, amendatory of the law of set-off is applicable to this case which was tried in March, 1877; but the defendant to obtain the benefit of the Act, in so far as to be entitled to a judgment in his favor, must put himself in a position to do so by proper plea—the old plea of set-off is insufficient.

The judgment in this case, should one be obtained by the defendant, will be against the legal plaintiff alone; the party for whom the use is entered, will be in no manner responsible for its payment—his only liability being under the law requiring him to answer for the costs in the case.

No appeal lies from the overruling of a motion by the defendant to require the plaintiff to pay certain costs before he be allowed to proceed further with the prosecution of the cause.

CROSS-APPEALS from the Circuit Court for Frederick County.

This suit was brought by the appellant Boor, to recover from the appellee Wilson, the amount of an award. It was commenced in Allegany County where the plaintiff recovered a judgment. The defendant thereupon appealed and the judgment was reversed and the case remanded for a new trial. (40 *Md.*, 483.) On the suggestion of the defendant, the case, after it was remanded, was removed to Montgomery County, and afterwards on the suggestion of the plaintiff it was sent to Frederick County where it was tried. The defendant during the progress of the cause interposed twelve pleas. To the fourth and fifth pleas, after the case went back for a new trial, the plaintiff filed his second, third, fourth and fifth replications, as follows:

2nd. And for a further replication to the defendant's fourth and fifth pleas, he says, that in and by the several agreements of subscription, mentioned in the plaintiff's declaration, the said defendant waived his right to have a time appointed for hearing him and his witnesses, and waived the right to examine witnesses or proofs touching the matter referred.

3rd. And for a further replication to the defendant's said fourth and fifth pleas, he says, that in and by the several

agreements of submission, mentioned in said plaintiff's declaration, it was agreed by and between the plaintiff and defendant, that a certain piece of land which said defendant had sold to the said plaintiff, for which he had given said plaintiff a general warranty deed, was short in quantity, about the amount of thirty-five acres, and that the said defendant was liable to pay said plaintiff the value of said thirty-five acres, and it was in and by said several agreements stipulated, that the purpose of said submission was, that said arbitrators should assess the money value of said land so found to be short, which was therein agreed to be thirty-five acres ; and it was further agreed, that the said land so found to be deficient, (and which deficiency was caused by same being covered by a better title,) should be shown and pointed out to said arbitrators by said plaintiff and defendant, and that the only purpose of said submission was to settle and determine the value of said deficiency so to be pointed out, and to award said sum so assessed to said plaintiff; and said plaintiff says, that the said plaintiff and the said defendant pointed out said deficiency to said arbitrators, and they assessed the value thereof at the sum of six hundred and seventy-five dollars, and awarded said sum to the plaintiff, as set forth in said plaintiff's declaration.

4th. And for a further replication to said defendant's fourth and fifth pleas, he says, that the said defendant, at the time the said arbitrators had said matters (so referred to them) under consideration, appeared before said arbitrators and waived his right, if any he had, to examine witnesses and produce proofs touching said matters so referred to them.

5th. And for a further replication to said defendant's fourth and fifth pleas, he says, that at the time the said arbitrators had under consideration said matters so referred, the said defendant appeared before them and made his statement and defence of and about the matters so referred,

and then and there put before them his side of the case, and along with said plaintiff pointed out to them the property which they were to value under the provisions of said several agreements of submission, but did not ask or require of them that they should hear any witnesses or proofs upon his part, nor intimate that he had any witnesses or proofs to offer ; but on the contrary, by his silence, led them to believe, and led the plaintiff also to believe, that he had no witnesses or proofs to offer.

To the second, fourth and fifth foregoing replications, issue was taken, and to the third the defendant demurred. This demurrer the Court sustained.

The defendant's tenth plea was as follows:

10th. And for a further plea to the plaintiff's declaration, defendant says, that one of the matters in dispute and included in said arbitration, was the value of certain lands conveyed by defendant to plaintiff, in which there was a deficiency to the extent of several acres, and the sum of fifty dollars had been previously agreed upon between plaintiff and defendant, as a fair allowance for said deficiency, and paid by the defendant to the plaintiff, and that said amount was included in and made part of the matter in dispute between the plaintiff and defendant, of which the arbitrators had notice, but that said arbitrators refused to hear testimony of the same, and to hear and consider the same or anything in regard thereto, and so the defendant saith that there was no award made in the case   To this plea the plaintiff demurred, and the demurrer was held good.

*Plaintiff's Exception.*—After the testimony was closed the plaintiff offered two prayers as follows:

1. That if the jury believe from the evidence in the cause that the defendant, prior to the making of the deed dated August 10th, 1871, (if they shall find such deed,) abated fifty dollars of purchase money on the land conveyed by said deed, and that such abatement was made in

consideration of disputes in regard thereto between said parties, then the defendant cannot set-off said sum of fifty dollars against the award sued on in this case, if the jury shall find such award.

2. That there is no evidence in this case to support the defendant's plea of payment of the award sued on in this case.

The defendant offered ten prayers, as follows:

1. That if under the pleadings and all the evidence in this cause, the jury shall find that Thomas Jamison, William Hendrickson and L. H. Gurley were arbitrators selected by the plaintiff and defendant to settle the differences between them, as in the plaintiff's declaration mentioned; that they met for the purpose of performing their duties as such arbitrators; that before proceeding to perform said duties, it was agreed by and between said plaintiff and defendant, that the said plaintiff should state verbally what was the agreement of submission for said arbitrators, and that the said arbitrators should proceed to act upon said verbal statement, and that said plaintiff did make a verbal statement of the terms of said submission, and that the said arbitrators did in fact act upon said verbal statement, that then their verdict must be for the defendant, because the article of submission declared on in this cause is alleged in the plaintiff's declaration to be in writing under the hands and seals of the said plaintiff and defendant.

2. That if the jury shall find from the pleadings and all the evidence in the cause, that the plaintiff and defendant entered into a written agreement of submission of arbitration, under their hands and seals, and that they agreed thereby to submit certain matters in difference between them to William Hendrickson and Thomas Jamison; and further agreed thereby that if said parties could not agree, they should call in a third party, and that said Hendrickson and Jamison failed to agree and called in one

L. H. Gurley, as said third party or umpire; and shall further find that said Jamison and Hendrickson, and said Gurley, entered upon their duties as said arbitrators, and that at no time before or during the period that they were so engaged as said arbitrators, did they or any of them have such article of submission before them, or ever read the same, or hear the same read, or had ever seen the the same, but that said arbitrators without having said article of submission before them or any of them, or without ever having read the same, or having heard the same read, went on and made and concluded said arbitration and published the award sued on in this cause, then under the pleadings in this case, their verdict must be for the defendant.

3. That there is no sufficient evidence in this cause from which the jury can find a verdict for the plaintiff, and that their verdict must be for the defendant, and that in finding such verdict for the defendant, the jury may find such damages for the defendant as they may find the defendant entitled to, under the evidence on the issue joined on the plea of set-off.

4. That there is no evidence in this cause from which the jury can find that any article of submission under the hands and seals of the plaintiff and defendant in this cause, as is described in the plaintiff's declaration, and offered in evidence by the plaintiff, was ever before the said arbitrators, referred to in said article of submission, at the time they entered upon the discharge of their duties as such, or during the period they were acting as such arbitrators, or that said arbitrators had ever seen, read or heard read the same before or at the time they were acting as such arbitrators, and that under the pleading in this cause their verdict must be for the defendant.

5. That if the jury find a verdict in this cause for the defendant, that then they must further find what sum or sums, if any, are due and payable by the plaintiff to

the defendant under the issue joined upon the plea of set-off.

6. That the evidence in this cause proves a parol submission by the plaintiff and defendant to arbitration, and no other, and that such submission does not accord with and is not supported by the pleadings therein, and under said pleadings and evidence the plaintiff is not entitled to recover upon the award sued upon in this case.

7. That before the jury can find a verdict for the plaintiff in this cause, they must find from the evidence in the cause, that there was an award of the arbitrators in said cause under their hands and seals, and that said award is in conformity with the article of submission described in the declaration in the cause, and that said article of submission was submitted to said arbitrators before or during the time of their acting as said arbitrators.

8. That if the jury shall believe from the evidence in this cause, that the article of submission offered in this case, if they find such article of submission, and the award thereunder, if they find such award, were procured by the fraud or misrepresentation of the plaintiff, then that said award is void in law, and their verdict must be for the defendant.

9. That if the jury shall believe from the evidence in the cause, that the plaintiff, at the time said arbitration was in progress, claimed a certain tract of land called "Bucey's Pleasure," to lie foul of the lines of the tract sold him by defendant; and further claimed that the said land belonged to one Boyd Bowden, and that this was a part of the land which the arbitrators must consider in making up their award, and if they further find that the defendant claimed that said land was not owned and was not claimed by Bowden, and offered to produce the said Bowden before the said arbitrators to prove the same, and that the arbitrators neglected and refused to examine said testimony or take said offer in consideration, then there

was no award in law, and the plaintiff cannot recover in this action.

10. That there is no sufficient evidence in this cause from which the jury can find a verdict for the plaintiff, and their verdict must be for the defendant.

The Court (LYNCH and BOUIC, J.,) rejected the plaintiff's prayers, granted the tenth prayer of the defendant and rejected his other prayers. The plaintiff excepted to the ruling of the Court in rejecting his prayers and granting the tenth prayer of the defendant.

*Defendant's First Exception.*—During the progress of the case, the plaintiff having been allowed by the Court to amend his pleadings and withdraw a juror on payment of all costs of the cause accrued up to that time, the 12th January, 1877, afterwards, it appearing that the costs of the cause accrued before the same was sent to the Court of Appeals, and in said Court of Appeals, were unpaid by the plaintiff, and that he refused to pay the same, the defendant moved that the plaintiff be required to pay all costs of the cause, which had accrued therein up to the 12th of January, 1877, before he be allowed to proceed further with the prosecution of said cause, but the Court, (LYNCH, J.,) overruled the motion, it appearing to the Court that all costs accrued in the cause since the ordering of a new trial by the Court of Appeals, had been paid by the plaintiff. To this action of the Court in overruling his motion, the defendant excepted.

*Defendant's Second Exception.*—This exception was taken to the rejection by the Court of the defendant's prayers, from the first to the ninth inclusive.

A verdict was rendered for the defendant, and judgment was entered for him for costs.

Both parties appealed.

The cause was submitted to BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*William Brace* and *B. A. Richmond,* for Boor, use of Hall.

*William Walsh,* for Wilson.

BRENT, J., delivered the opinion of the Court.

This is an action upon an award. The defendant among other defences, alleges in his fourth and fifth pleas that the arbitrators did not before making their award appoint any time for hearing the defendant and his witnesses, and proof touching the matter referred, and that the arbitrators refused to appoint any such time, although requested so to do by the defendant. Upon a demurrer to these pleas the case was brought up to this Court, (40 *Md.*, 483,) and it was then held that the pleas were good, and ought to have been allowed. The Court also says in its opinion, "if the submission by its terms has dispensed with notice, or the necessity of adducing testimony, of course no such defence could be made."

When the case came back for a new trial, the plaintiff to avail himself of this part of the decision, filed to these pleas his second, third, fourth and fifth replications. Issue was taken to the second, fourth and fifth, and a demurrer entered to the third. This demurrer being sustained, presents the first subject-matter of appeal.

While the third replication may be objectionable upon the ground of informality, it is not necessary to pass upon this question, as the points sought to be presented by it are sufficiently raised by the second, fourth and fifth replications, to which issue was taken.

It is but an amplification of them, and the ruling of the Court upon the demurrer has not injured the plaintiff, or narrowed his cause of action. The second and fourth replications present the question, whether the notice set out in the pleas had or had not been waived, or was unnecessary by and under the agreement of submission. And the

fifth replication, whether the defendant by his presence before the arbitrators, and by his acts, had not waived it. Under this state of the pleading, the plaintiff had the right to ask of the Court instructions upon the construction of the agreement of submission, and upon the facts, as fully as he could have done, had the demurrer to his third replication been overruled.

As this case will be sent back for a new trial, before leaving the questions arising upon the pleading, we will dispose of the demurrer to the defendant's tenth plea.  We concur with the Court below in its ruling upon this demurrer.  The tenth plea is in every respect bad.  It is no answer to any of the counts in the *narr.*, but seeks to avoid the responsibility of the defendant by setting up matters wholly extrinsic, and outside of the agreement and award as declared upon.

The theory upon which this case seems to have proceeded, is that the award is invalid, because at the time the arbitrators went upon the land to view it, there were no articles of submission before them, and they were only informed *by parol* what duties had been imposed upon them by the submission.  We have not been referred to any authority in support of this view, and cannot give it our sanction.  The true question is, whether the parties under their hands and seals have submitted the matter in dispute to arbitration, and whether the award of the arbitrators is in strict conformity to the articles of submission. If both of these essential facts appear affirmatively, it is of no importance whether the arbitrators were informed only verbally of the contents of the agreement of submission, or whether the paper was actually before them or not in their proceedings to make out their award.  Now in this case the parties agreed, under their hands and seals, to submit to certain arbitrators mutually chosen, with power to select an umpire, the valuation of thirty-five acres of land *specially designated and pointed out* in the

very terms of the agreement. This duty they seem to have performed, and by their award have placed a valuation upon the very land mentioned in the submission to them. The facts show that both the submission and award were in writing. It is true they are lost or mislaid. But their contents have been supplied by secondary evidence. These papers ought to have gone to the jury, and we see nothing in the proof in this record to destroy their effect. Certainly nothing which requires the Court to take the case from the jury, and to instruct them "that there is no sufficient evidence in the cause from which they can find a verdict for the plaintiff."

The submission and award in this case are for the purpose of ascertaining the whole deficiency in value of a tract of land falling short in the number of acres, which the vendor and vendee, at the time of its sale and purchase, supposed it to contain. There is some proof to show that fifty dollars had been paid to the vendee, prior to the submission and award, on account of such deficiency. If the jury is satisfied from the proof before them that this is so, that amount ought to be allowed as a payment of so much on the amount of the deficiency ascertained by the arbitrators. There is nothing in the agreement of submission to estop the defendant from claiming this credit. The question of the amount to be allowed for the deficiency in the land, and not payment, was the matter submitted.

This case was tried in March, 1877. There can be no doubt that the Act of 1876, ch. 398, amendatory of the law of set-off, is applicable to it. But the defendant to obtain the benefit of that Act, in so far as to be entitled to a judgment in his favor, must put himself in a position to do so by proper plea. The familiar rule of pleading is, that a party can recover only to the extent of his claim. The eighth plea is the single plea of set-off filed in this case. In this the defendant has limited his demand to an amount equal to the plaintiff's claim. It is the old plea

of set-off, which went alone to the extent of the plaintiff's claim *proved*, and to that extent the present plea is limited by its terms.    Upon a proper amendment the defendant will be entitled to all the benefits of that Act.    Nor will the fact, that the case is entered to the use of another, affect this right.    The judgment, if one should be obtained by the defendant, will be against the legal plaintiff alone. The party, for whom the use is entered, will be in no manner responsible for its payment;—his only liability being under the law requiring him to answer for the costs in the case.

It follows from what we have said that the two prayers offered by the plaintiff were properly rejected.    And so also the prayers of the defendant numbered from one to seven inclusive.    The eighth prayer, in regard to fraud and misrepresentation, is wholly unsupported by proof and could not have been granted.    The ninth prayer introduces matters irrelevant to the question submitted to the arbitrators, and their refusal to hear testimony in regard to such matters, can in no way affect the validity of their award.    This prayer was therefore also properly rejected.

The tenth prayer of the defendant we have already said was improperly granted.    For this reason the judgment will be reversed and the case remanded.

In regard to the defendant's first bill of exceptions, it is only necessary to say, it is taken from a matter in the discretion of the Court, from which no appeal lies.

*Judgment reversed,*
*and new trial ordered.*

(Decided 26th March, 1878.)