## OLIVER W. GILPIN *vs.* MARY M. CARROLL.

*When Pendency of One Suit is a Bar to Another—Suit for Partition Not a Bar to a Bill to Foreclose a Mortgage.*

The pendency of one suit is not a bar to a subsequent suit unless the parties in both suits are the same, the subject matter the same, and the same object is sought to be accomplished in both.

A suit pending in the Federal Court for a partition of the land of which A died seized, is not a bar to a bill for a sale under a mortgage of part of said real estate, although the mortgagee is one of the parties to the partition suit, since the subject-matter and object of the two suits are not the same.

Appeal from a decree of the Circuit Court for Cecil County (PEARCE, C. J., and MARTIN, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*L. M. Haines* and *Eugene L. Rowe* for the appellant.

*Frederick T. Haines* for the appellee.

BRISCOE, J., delivered the opinion of the Court:

The appellee, Mary M. Carroll, a citizen of the District of Columbia, filed a bill of complaint, on May 1, 1899, in the Circuit Court for Cecil County, for the sale of certain mortgaged real estate situate near the town of Elkton in that county, which had been conveyed to her by John and Thomas Gilpin, her brothers, residents of the State of Pennsylvania, to secure the payment of an annuity of one thousand dollars due by them to her. The mortgagors died before the payment of the indebtedness and before the institution of this suit, and their descendants, C. Montieth Gilpin, of the State of New York, Mary E. A. Gilpin, Oliver W. Gilpin, Olive Gilpin, of Pennsylvania, and Sallie E. Howard and Harry M.

D. Howard, of Cecil County, were made defendants to the suit.

It appears that Oliver W. Gilpin, the appellant, appeared to the suit in the Circuit Court for Cecil County, on the 14th of June, 1899, and filed a petition to have the case removed to the United States Circuit Court for the District of Maryland, stating as a reason for the removal, the pendency in that Court of a prior proceeding, instituted on the 9th of June, 1897, by C. Montieth Gilpin, one of the defendants against Mary M. Carroll, the plaintiff here, and others, for the purpose of having a partition of the real estate, whereof John Gilpin and Thomas Gilpin died seized and possessed among their heirs, and for a sale thereof, if it could not be divided among the parties.

Mrs. Carroll, the plaintiff here, was made a party to the prior suit, and on the 12th of September, 1899, she filed an answer, in which she denied the right of the plaintiff to the relief prayed, and asked that the bill be dismissed so far as her rights were concerned. On the 19th of June, 1899, an order of removal was passed, but subsequently this order was rescinded, and a decree for the sale of the property was passed by the Circuit Court of Cecil County, and it is from this decree, that the appeal in this case has been taken.

There can be no doubt, under the decisions in this State, that Mrs. Carroll was not a proper party to the proceedings for partition in the Circuit Court of the United States. *Minke* v. *Thurston*, 32 Md. 487; *Belt* v. *Bowie*, 65 Md. 354.

The Supreme Court of the United States, in *Watson* v. *Jones*, 13 Wallace, 715, thus states the rule which controls the plea of pending suit relied upon in this case: "But when the pendency of such a suit is set up to defeat another, the *case* must be the same. There must be the same parties, or at least such as represent the same interest, there must be the same rights asserted and the same relief prayed for. This relief must be founded on the same facts and the title or essential basis of the relief sought must be the same. The identity in these particulars should be such that if the pending case had already

been disposed of, it could be pleaded in bar as a former adjudication of the same matter between the same parties."

The pleadings in the case now under consideration show an entirely different state of facts and a different relief sought from the suit in the United States Circuit Court. The prior suit is for partition of all the real estate which John and Thomas Gilpin died seized and possessed, and if the real estate cannot be divided without loss and injury, then for its sale and a division of its proceeds among the parties in interest. There is no prayer in the bill for a sale for the purpose of paying the Carroll mortgage.

The application in the second suit is for a sale of the property under the annuity mortgage to Mrs. Carroll, for the purpose of paying the mortgage debt. The object and purpose of the two suits, therefore, entirely different. It is distinctly held in *Seebold* v. *Lockner and wife*, 30 Md. 137, that it is a good plea to a bill in equity that there is another suit depending in the same Court for the same cause, but it is, however, requisite that the whole effect of the second suit should be attainable in the first. *Ridgley* v. *Bond*, 18 Md. 450 ; *McKaig* v. *Piatt*, 34 Md. 258. The decree appealed from will be affirmed.

*Decree affirmed with costs.*

(Decided December 7, 1900.)