## DODSON *v.* TEMPLE HILL BAPTIST CHURCH, INC.

[No. 344, September Term, 1968.]

*Decided July 2, 1969.*

542

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, FINAN and SMITH, JJ.

*Joseph A. Mattingly* for appellant.

*Douglas R. Taylor* for appellee.

BARNES, J., delivered the opinion of the Court.

This appeal involves an order issued by the Circuit Court for Montgomery County (Levine, J.) on November 20, 1968 granting Temple Hill Baptist Church, Inc., the appellee (Temple Hill) a stay of proceedings to advertise and sell the property of Temple Hill until a hearing could be held upon its motion, filed October 10, 1968, to set aside the judgment and condemnation absolute and to quash the attachment issued by the appellant, Philip F. Dodson, on a judgment by default which had been enrolled. The principal questions presented are whether the appeal from the trial court's order should be dismissed because it was not a final order or, if appealable, whether the order should not be disturbed by us because it was an order within the sound discretion of the trial court and no abuse of discretion is alleged or established.

Certain aspects of the case were previously before us in *Dodson v. Temple Hill Baptist Church, Inc.*, 248 Md. 697, 238 A. 2d 239, which we decided on February 9, 1968. In that appeal, we reversed the judgment in favor of Temple Hill as garnishee against Dodson for costs, as well as the judgment for a counsel fee for $175.00 and remanded the case for a new trial, the costs to abide the result below. We issued the mandate forthwith upon the motion of Dodson, inasmuch as the twelve year Statute of Limitations set forth in Code (1957) Art. 57, § 3 would run as of February 24, 1968 on the judgment against William B. Adams, upon which the garnishment had been issued. Dodson had issued a writ of *scire facias* to re-

new the judgment of February 24, 1956 and obtained a judgment of *fiat,* (Shook, J.) on February 16, 1968 against William B. Adams for $1611.82 with interest from February 24, 1956 and $652.86 costs and $72.65 costs. On October 10, 1968, nearly eight months after the enrollment of the judgment of February 16, 1968, and more than the 30 days after its rendition provided for by Maryland Rule 625, Adams, against whom the judgment had been entered, moved, pursuant to Rule 625, to strike out the judgment alleging that it had been obtained by mistake, surprise and irregularity, and filed an affidavit in support thereof. In the affidavit it was alleged that the costs allowed in the judgment by default included $405.36 which were costs of Dodson in the prior appeal, that the mandate of this Court in that case awarded a new trial in the garnishment case against Temple Hill, the costs to abide that result, that the costs were not yet assessed against the defendant Adams and that the judgment awarding the costs for $405.36 was "untimely, irregular and in violation of the mandate" of this Court. Also on October 10, 1968, Temple Hill, garnishee, filed a motion pursuant to Rule 625 to set aside the judgment by default entered in the garnishment case on April 30, 1968 and the order of condemnation absolute entered in August 1968 and to quash the attachment, on the ground that the judgment was entered by mistake, surprise and irregularity as set forth in an attached affidavit. The affidavit by Mr. Adams recited that he was pastor and trustee of Temple Hill and was authorized to make the affidavit on behalf of Temple Hill. It stated that the default was not wilful, that the service was made upon Mr. Adams individually; that there was nothing in the warrant or service to notify Temple Hill or Mr. Adams that he had received service in his capacity as Trustee for Temple Hill rather than as the individual judgment debtor; and, that for this reason no appearance was made in the case and no other notice had been received by him or by any other officer or trustee of Temple Hill. The affidavit further recited the prior proceedings in the at-

tachment case in which the garnishee had pleaded nulla bona, which plea had been sustained by the trial court, but the resulting judgments had been reversed by us in the prior appeal, and that a new trial as ordered by us was set for October 24, 1968. Mr. Adams stated in his affidavit that he did not understand that a new action by the same plaintiff Dodson in the same cause of action would lie and did not understand that an appearance by Temple Hill was required, so that no appearance was entered in the new garnishment by Temple Hill. The affidavit also repeats the objection to the inclusion of $405.-36 costs from the prior appeal in the judgment of *fiat* of February 16, 1968.

On October 15, 1968, Judge Shook, who had signed the order for the judgment of *fiat,* signed two orders, apparently *ex parte,* striking out the judgment of February 16, 1968 against Adams and setting aside the default judgment of April 30, 1968 against Temple Hill and quashing the garnishee attachment. Both orders were filed on October 16. On October 22, 1968, Dodson filed motions to strike out the orders of October 15 striking out the judgments of February 16, 1968 and April 30, 1968, on the ground that the judgments were enrolled, and could not be stricken out *ex parte* and without a hearing and without compliance with Local Rule 7 § e 1 in regard to the requesting of hearings on motions. Also on October 22, Dodson filed two "oppositions" to the motions of the defendant Adams to set aside the judgments of February 16, 1968 and April 30, 1968, and to quash the attachment, alleging that the judgments were not obtained by surprise for various reasons.

On October 25, 1968, Mr. Dodson filed petitions for show cause orders why the orders of October 15 should not be stricken and pursuant to the petition, Judge Levine passed two orders the same day requiring Temple Hill and Adams to show cause. The orders to show cause were set for hearing on November 8, 1968. Judge Levine, after hearing the matter, ordered that the orders of Oc-

tober 15, 1968, passed *ex parte* by Judge Shook, be stricken because the plaintiff Dodson was entitled to a hearing on the motions to quash the attachment and instructed counsel to have a hearing set for an early date.

On November 19, 1968, Temple Hill petitioned the trial court to stay proceedings for the advertisement and sale of Temple Hill's property pursuant to the writ of attachment until a hearing could be had on Temple Hill's motion of October 10 to quash, the petition reciting the setting aside of the order of October 15, and that advertisement and public sale of Temple Hill's church property would cause irreparable harm to it, but there would be no hardship to the plaintiff Dodson if there were a stay of the advertisement and sale until there could be a hearing on the motion to quash the attachment.

As we have indicated, Judge Levine, on November 20, 1968, passed the order staying the proceedings to advertise and sell Temple Hill's property described in the schedule of attached property dated September 23, 1968 "until a hearing shall be had" on the motion of October 10, 1968 to quash. An appeal was timely taken from that order.

We have grave doubts that the order of November 20, 1968 has sufficient finality to justify an appeal from that order to this Court. The appellant Dodson strongly relies on *Greff v. Fickey*, 30 Md. 75 (1869) as indicating that the order has the necessary finality to justify an appeal from it to this Court. In *Greff*, the Court of Common Pleas of Baltimore City had stayed the execution issued upon a judgment obtained by default under the then Speedy Judgment Act applicable to Baltimore City, and had imposed certain terms upon the parties in that order. The judgment creditor appealed from that order. Our predecessors in *Greff* did not set out the terms of the order but treated it as an order denying the judgment creditor the benefit of an execution, and analogized it to an order striking out a judgment after the term in which it had been rendered, citing cases holding that an order striking out a judgment after the term was a final order

from which an appeal could be taken to this Court. In the present case, however, the trial court merely granted a *temporary stay* of a sale of property under the execution until the motion to quash the attachment could be heard at an early date. It is our opinion that the nature of the order in the present case distinguishes it from the order involved in the *Greff* case, but we do not find it necessary in the present case to pass upon the issue of whether or not the order of November 20 was a final order from which an appeal will lie to this Court, inasmuch as we are of the opinion that the issuance of that order was within the sound discretion of the trial court and it is well established that in the absence of an allegation or proof of an abuse of discretion, we will not disturb the exercise by the trial court of its discretion. See *Trombero v. McWilliams*, 221 Md. 399, 157 A. 2d 801 (1960) in which Judge (later Chief Judge) Prescott stated for the Court:

> "As a general rule, the choice of measures to insure a fair and unprejudiced trial is left to the sound discretion of the trial judge, and it is only in exceptional cases that its choice will be reviewed in this court." (221 Md. at 401, 157 A. 2d at 802).

We have indicated "that in a proper case a court may stay proceedings pending the determination of another proceeding that may affect the issues raised." *Restivo v. Princeton Construction Co.*, 223 Md. 516, 521, 165 A. 2d 766, 769 (1960). A fortiori, a trial court may grant a temporary stay of execution to preserve the *status quo* for a short time pending a hearing in regard to the validity of the attachment or garnishment. In 1 C.J.S. *Actions*, § 132 at 1405 (1936), it is stated:

> "The granting or refusing of a stay rests in the discretion of the court, the exercise of which will not be interfered with unless clearly abused."

In our opinion, the trial court did not abuse its discre-

tion in granting the temporary stay of the advertisement and sale of Temple Hill's property pending a hearing on the motion to quash. But for the stay, Temple Hill would have been gravely, and possibly irreparably, damaged if its property were sold pursuant to the execution and ultimately the garnishment was quashed; a short delay, on the other hand, in the advertisement and sale of Temple Hill's property would not prejudice the appellant in any substantial way. Surely the preservation of the *status quo* for a short time pending a hearing on the merits cannot be considered to be an abuse of discretion by a trial court, and we do not find that it was. On the contrary, in our opinion, the trial court's action was reasonable and proper, and, in any event, no abuse of discretion was alleged by Dodson.

> *Order of November 20, 1968*
> *affirmed, the appellant to*
> *pay the costs.*