COPPAGE, Receiver for the National Motors
Insurance Company *v.* ORLOVE AND ORLOVE,
individually and t/a Basin and Basin

[No. 485, September Term, 1970.]

*Decided June 29, 1971.*

The cause was argued before HAMMOND, C. J., and
BARNES, MCWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Joseph S. Kaufman,* with whom was *Jerome M. Asch*
on the brief, for appellant.

*John C. Murphy,* with whom was *George T. Tyler* on the brief, for Allan M. Orlove, part of appellees. No brief filed on behalf of other appellee.

PER CURIAM.

We shall here reverse the action of a circuit court judge in granting the motion of defendant appellees, Stanley J. Orlove and Allan M. Orlove (the Orloves), to dismiss an action brought by appellant John H. Coppage as receiver for The National Motors Insurance Company (Coppage). The motion was made under Maryland Rule 323 a (7) on the ground of the "pendency of another action between the same parties for the same cause". It asked in the alternative for a stay of this proceeding which was one against the Orloves individually and trading as Basin and Basin for sums allegedly due the insolvent insurance company.

As was observed in *Dodson v. Temple Hill Church,* 254 Md. 541, 546, 255 A. 2d 73 (1969), quoting *Restivo v. Princeton Constr. Co.,* 223 Md. 516, 521, 165 A. 2d 766 (1960), "in a proper case a court may stay proceedings pending the determination of another proceeding that may affect the issues raised."

If the Orloves had filed a plea in abatement on the basis of a pending suit, such plea could only defeat the action if the parties, the facts, and the essential basis of the relief sought were so much the same that if the pending case had already been disposed of it could be pleaded in bar as a former adjudication of the same matter. *Gilpin v. Carroll,* 92 Md. 44, 45, 47 A. 1021 (1900), quoting *Watson v. Jones,* 13 Wall. 679, 715 (1872). We are not persuaded that in this instance the earlier action could have been the proper basis of such a plea.

In the form in which this motion was presented it was addressed to the sound judicial discretion of the trial court. It is conceivable that as a result of the earlier ac-

tion the debt here sued upon may be satisfied. Therefore, in the interest of justice and orderly judicial processes this cause should have been stayed pending the conclusion of the earlier equity proceeding. It was an abuse of discretion to dismiss the proceeding since if Coppage does not prevail in the earlier proceeding and the issues ultimately raised there are not such as to then bar this proceeding, limitations would preclude the bringing again of this action.

> *Order reversed; case remanded for further proceedings; appellees to pay the costs.*