OSCAR L. WATERS, JR., ET AL. *v.* STEDMAN W. SMITH ET AL.

[No. 557, September Term, 1974.]

*Decided July 28, 1975.*

The cause was argued before MORTON, POWERS and MASON, JJ.

*Morton J. Owrutsky* and *Robert A. Eaton,* with whom were *Perdue, Owrutsky & Whitehead* on the brief, for appellants.

*John W. T. Webb,* with whom were *Webb, Burnett & Simpson* on the brief, for appellees Smith and Womack; and *John F. King,* with whom were *Anderson, Coe & King* on the brief, for appellees Rimer and Johnson.

POWERS, J., delivered the opinion of the Court.

Trial of this medical malpractice case before Judge John Grason Turnbull and a jury in the Circuit Court for Baltimore County was aborted on the sixth day of trial. In this appeal we are concerned only with why and how the trial was terminated, and with subsequent proceedings in the case after 30 October 1973, the day the trial ended.

The plaintiffs below, appellants here, are the parents and Committee of the person and estate of Marion Bertha Long,

an incompetent. The defendants below, appellees here, are four physicians who, in 1960, at the time of the alleged medical malpractice, were members of the medical staff or were otherwise associated with Peninsula General Hospital, in Salisbury.

The parents were appointed Committee of their daughter by a decree of the Circuit Court for Wicomico County in January 1969. This suit was filed in February 1970 in the Circuit Court for Baltimore County.

With a minimum of background, we shall outline briefly how the case came to its abrupt end. It is evident from a review of the numerous discovery procedures employed that the defendants sought early to ascertain the source, and no doubt the nature, of certain expert opinion evidence which the plaintiffs would be required to present as a *sine qua non* to make out a prima facie case of negligence, so as to survive the inevitable motion for a directed verdict.

In answers and supplemental answers to interrogatories from time to time, the plaintiffs had named nine different physicians whom they proposed to call as medical experts. None lived or practiced in Maryland.

On the morning of the sixth day of trial the plaintiffs filed and delivered to the defendants a further supplemental answer giving the name of Marvin Cohen, M.D., Randallstown, Maryland, an obstetrician and gynecologist, as an expert whom they proposed to call as a witness. Defendants complained that the disclosure was not timely and that they were taken by surprise. They moved that Dr. Cohen be excluded as a witness for the plaintiffs. Mr. Herman Glaser of the New York Bar, one of counsel for the plaintiffs, after commenting upon the difficulty of securing a doctor in the same community who would testify against a brother physician, explained to Judge Turnbull the reason for the late disclosure. He said:

> "And that is the reason why in our list of experts we listed doctors who were not engaged in the practice of medicine in Maryland. Certain facts developed during this trial, and arguments

have been made which led me to the conclusion that the big argument in this case was going to be the locality rule, I took a lawyer's notice of it during the last several days, and after we received additional information that came out in the course of this trial, frankly we made a herculean effort to find an expert in the State of Maryland who would testify against his fellow physician; when last night for the first time we were lucky to break the ice. We called a number of men over the last few days, and they refused to get involved in any malpractice case, and last night we found a physician, an obstetrician-gynecologist, with the courage of his convictions, if I may say that. After we told him what the hypothetical would be, including some of the facts that first came out during this trial, he said he would come and testify."

\* \* \*

"The only prejudice that I can see to the defense here is the failure to exercise an opportunity to depose that expert witness. And we welcome the adversaries to depose this man within the next few days, Friday night, any time. We have expended approximately five, this will be the sixth day of trial time, and I think in the interest of justice our notice should be upheld."

Judge Turnbull stated that the matter was a serious one to both sides. He said:

"In the interest of justice the court will permit Dr. Cohen to testify as a witness for the Plaintiffs only on condition that there be a mistrial declared and the case continued for further assignment."

Further colloquy took place among the court and counsel. One of counsel for the defendants summarized:

"The appearance of a surprise witness of this type

at this stage in the proceeding may or may not completely alter the posture of the case, and decisions in this particular regard are necessarily the type of thing that cannot be resolved by a simple telephone call; there needs to be understanding of what the testimony is going to be, the evaluation of it, and conceivably a change in posture."

Judge Turnbull put the election to the plaintiffs. He said:

" * * * the Plaintiffs may not call Dr. Cohen, or if the Plaintiffs wish to call Dr. Cohen, in the interest of substantial justice, * * * the court will permit the Plaintiffs to have an opportunity to call Dr. Cohen, but the court will, if the Plaintiffs wish to call him, declare a mistrial and grant a continuance to give the Defendants ample opportunity to prepare themselves for such testimony as may be elicited from Dr. Cohen. The Plaintiffs have their election, and will be required to make their election now."

Counsel for the plaintiffs elected to take the mistrial. He said:

"Your Honor, reluctantly, and very reluctantly, we have no alternative but to take a mistrial, we accept that, * * *."

Defendants deposed Dr. Cohen on 9 November 1973. Dr. Cohen testified that he was not aware that he was going to be listed as an expert to be called by the plaintiffs, that he had made no commitment to testify, that he was not, on 30 October or at the time of the deposition, professionally prepared to testify as an expert in the case, and that he had expressed to counsel two days before the deposition that he would not appear.

On 26 November 1973 the defendants filed a pleading which they entitled, "Motion To Dismiss, To Enter Default Judgment, And To Compel Plaintiffs To Pay Costs Under Maryland Rule 604 b". The motion was argued before Judge Turnbull on 8 February 1974. The judge declined to dismiss

the case, or to enter a default judgment. He stated that it was unnecessary to find that Mr. Glaser intentionally misled the court, but Judge Turnbull did find, "as a matter of fact, he misled the Court, under the language of Rule 604, Subsection b, that Mr. Glaser in fact misled the Court, 'without substantial justification.'"

The judge said that he would pass an order requiring the plaintiffs to pay the expenses and loss of income incurred by the defendants by reason of the acts of plaintiffs' counsel in misleading the court. He said that the matter would be referred to a standing Master in Chancery to take testimony and make a report to the court, after which there would be a hearing on any exceptions filed. The court's instructions to counsel were:

> "In your first order, just say that proceedings, further proceedings, other than hearings before the Master, and so forth, further trial on the merits will be stayed pending further order of the Court, and then in your final order, include a statement that proceedings will be stayed indefinitely until and unless whatever is ordered to be paid has been paid."

Plaintiffs filed a motion for rehearing. It was heard and denied on 9 May 1974. On the same day Judge Turnbull signed and filed an Order of Stay And Reference. The order granted the motion of the defendants to compel the plaintiffs to pay certain costs and expenses, subject to final assessment of the amount; referred the matter to a standing Master in Chancery for taking testimony and proofs and for his report and recommendations; and provided for an opportunity for filing exceptions and for such other action as the case may require, "before a final order shall be entered". The order concluded:

> "And except for the proceedings before the Standing Master in Chancery as above provided, all further proceedings in this matter are stayed until further order of the Court."

It is from that order that the plaintiffs took this appeal. In their brief the appellants put the Questions Presented in this way:

> "1. Did the Court err in staying proceedings until costs had been paid under Maryland Rule 604 b?
> 2. Did the Court below err in holding that it had inherent judicial power to stay proceedings after a mistrial was declared?"

Appellants' contentions and arguments are directed solely to that part of the lower court's order which stayed further proceedings. The attack on the stay is twofold — that it was not authorized by any applicable rule and that the court had no inherent power to impose the stay. Appellants seem to misread the order from which they appealed. Their first argument is premised on the contention that the court erred in staying further proceedings in the case until the costs and expenses of the appellees *have been paid*. This is not what the court ordered. We have quoted earlier from the order. It clearly provides that further proceedings are stayed *until further order*. Judge Turnbull did, indeed, say that he intended, in a final order, to stay the proceedings indefinitely until whatever is ordered to be paid has been paid. But it is what a court order does, not what a judge may intend to do in the future, that has effect. The rule is an ancient one. The Court of Appeals stated it in *Hagthorp v. Hook*, 1 G. & J. 270 (1829), at 309:

> "'Tis true the Chancellor, in considering this case, has discussed all the matters both of law and fact, which he deemed in any wise involved in the decree, eventually to be pronounced; and has distinctly declared what he *intends* to decree. But his *intentions* form no ground for an appeal: he may abandon or change them *ad libitum;* until carried into effect, no injury can result from them. It is only, from what he has *done,* and not from what he *intends to do,* that an appeal will lie."

In *Smallwood v. Hatton*, 4 Md. Ch. 95 (1853), the Court of Chancery cited and discussed *Hagthorp v. Hook, supra*, as holding

> " * * * that however clearly the Chancellor may have intimated his opinion, or declared his intention, the rights of the parties were unaffected by such declaration, it being competent to the Chancellor, in any subsequent stage of the cause, to change or abandon his opinion at his pleasure, or according to the dictates of his judgment upon further consideration." 4 Md. Ch. at 100-01.

The same rule is applied when an appeal is taken prematurely from an opinion or ruling by the court before the entry of a formal order. The Court of Appeals, in *Hudson Building Supply Co., Inc. v. Stulman*, 258 Md. 304, 265 A. 2d 925 (1970), quoted from Miller, *Equity Procedure*, Section 260 (1897), and emphasized this statement:

> "An opinion, however positive, is not in any sense a final act; it is not the subject of appeal, and may always be changed before final decree."

See also *Kennedy v. Foley, Receiver*, 240 Md. 615, 214 A. 2d 815 (1965).

So it is the stay *until further order of the court*, and not a stay *until costs have been paid* which is under attack by the appellants, and is the only question we may consider in this appeal.[1]

In their brief the appellees have included a motion to dismiss the appeal in this case as premature, because not allowed by law at the present stage of the proceedings.

---

1. It should be noted that appellants do not argue here that the trial court erred in ordering that they pay certain costs and expenses of the appellees. That part of the order, although perhaps appealable as an interlocutory order under Courts Art., § 12-303 (c) (6), is not asserted in this appeal as error, and is not before us. Ricker v. Abrams, 263 Md. 509, 283 A. 2d 583 (1971); Harmon v. State Roads Commission, 242 Md. 24, 29-32, 217 A. 2d 513 (1966); Hyde v. State, 228 Md. 209, 179 A. 2d 421 (1962). As an interlocutory order, even if appealable under Courts Art., § 12-303, it would be open to review on appeal from a final judgment. Maryland Rule 1087; Rocks v. Brosius, 241 Md. 612, 646-48, 217 A. 2d 531 (1966).

Courts Art., § 12-301, with certain exceptions, says that "a party may appeal from a final judgment entered in a civil or criminal case by a circuit court.", and § 12-303 provides for the right of appeal from any of several enumerated interlocutory orders, but a stay order is not among them.

We are compelled to conclude that the appeal before us was not taken from a final judgment, nor from a judgment or order otherwise appealable. Consequently, the appeal is not allowed by law. Maryland Rule 1035 b (1). The motion to dismiss the appeal must be granted.

We consider it desirable under the circumstances to comment upon certain other questions which are involved in this case.

We have held that the order appealed from is interlocutory. It is so by its very nature. We reach that conclusion without regard to Maryland Rule 605 a. We express no opinion as to whether a subsequent order which may appear to be final, and otherwise appealable, would be held to be interlocutory by the application of Rule 605 a. See *Brooks v. Ford Motor Credit Co.*, 261 Md. 278, 274 A. 2d 345 (1971); *Picking v. State Finance Co.*, 257 Md. 554, 263 A. 2d 572 (1970); *Harkins v. August*, 251 Md. 108, 246 A. 2d 268 (1968).

Nor do we imply that an order staying proceedings until costs and expenses are paid would be any less interlocutory than the present order staying proceedings until further order of the court. We note, however, that such an order may be appealable as an interlocutory order for the payment of money under Courts Art., § 12-303 (c) (5).

Judge Turnbull's order that the appellants should be required to pay certain costs and expenses incurred by the appellees was based squarely upon the authority found in Maryland Rule 604 b. Appellants argue that the Rule makes no provision for a stay of proceedings pending compliance with such an order.

We would not be inclined to hold that the court lacks the power to order a stay under the circumstances. The record makes it clear that the judge would permit the appellants to call Dr. Cohen to testify only if the case were continued.

Because the trial was in progress, the judge declared a mistrial before ordering a continuance. The provisions of Maryland Rule 527, relating to continuances, may well be applicable. That Rule, in § a 1 provides:

> "The court may upon motion of any party, or of its own motion, continue an action from time to time in order that a trial may be had upon the merits or as the interests of justice may require;"

and in § e further provides:

> "Where a continuance or postponement is granted, the court shall make such order as to costs theretofore accrued as may be just."

What § e means by "costs" is an open question. In *Whitcomb v. Horman*, 244 Md. 431, 224 A. 2d 120 (1966), the Court of Appeals said, at 443-44:

> "We do not reach the questions as to whether the word 'costs' in Section e of Maryland Rule 527 embraces other than the usual court costs taxed in due course by the clerk or whether, assuming *arguendo*, that other types of 'costs' are included, it would deny due process of law to assess such other types without a plenary hearing, with the taking of testimony, cross-examination and the usual process of judicial determination."

With regard to a court's authority to stay proceedings before it, it is said in 1 C.J.S., *Actions* (1936), § 132:

> "The granting or refusing of a stay rests in the discretion of the court, the exercise of which will not be interfered with unless clearly abused. That a court has the power to stay proceedings in actions pending before it is well settled, but such power should be exercised with extreme caution and a stay should not be ordered if it will work injustice."

At least under certain circumstances, the Court of Appeals has recognized the inherent power of a court to stay

proceedings before it. In *Coppage v. Orlove*, 262 Md. 665, 278 A. 2d 587 (1971), the Court said, at 666:

> "As was observed in *Dodson v. Temple Hill Church*, 254 Md. 541, 546, 255 A. 2d 73 (1969), quoting *Restivo v. Princeton Constr. Co.*, 223 Md. 516, 521, 165 A. 2d 766 (1960), 'in a proper case a court may stay proceedings pending the determination of another proceeding that may affect the issues raised.'"

Whether to grant or deny a stay of proceedings in an appropriate case appears to rest within the discretion of the court. It is sometimes said that because an order is discretionary, no appeal lies from it. *Boor v. Wilson*, 48 Md. 305 (1878) involved, among other issues, an exception to the trial judge's refusal to stay proceedings until certain costs were paid. The Court disposed of the exception with the brief comment that it was "taken from a matter in the discretion of the court, from which no appeal lies."

The rule was more fully expressed by the Court of Appeals in *Emory v. Faith*, 113 Md. 253, 256-57, 77 A. 386 (1910), quoting from *Gottschalk v. Mercantile Trust Co.*, 102 Md. 521, 62 A. 810 (1906), where it was said, at 522:

> "It is not necessary at this late day to cite authorities in support of the well-settled doctrine that an appeal will not lie from an order or decree passed in the exercise of an undoubted discretion of the lower Court. But the question whether the subject-matter of the order or decree was within the area of the discretion of the Court which passed it is open to examination upon an appeal in the same case, for a Court cannot improvidently extend the exercise of its discretion to matters which lie beyond its legitimate reach."

More recently the Court of Appeals said in *Dodson v. Temple Hill Baptist Church, Inc.*, 254 Md. 541, 255 A. 2d 73 (1969), at 546:

> " * * * issuance of that order was within the sound

discretion of the trial court and it is well established that in the absence of an allegation or proof of an abuse of discretion, we will not disturb the exercise by the trial court of its discretion."

But any order, whether it be discretionary or not, or be alleged to be an abuse of discretion, cannot be reviewed on appeal unless it is properly before the appellate court.

*Appeal dismissed.*
*Appellants to pay costs.*